UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| IN RE NEW MOTOR VEHICLES CANADIAN EXPORT ANTITRUST LITIGATION | ) ) ) ) ) | MDL Docket No. 03-md-1532 ALL CASES |

**STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL
OF DEFENDANT BMW OF NORTH AMERICA, LLC**

Plaintiffs, through their counsel, together with Defendant BMW of North America, LLC ("BMW NA"), hereby stipulate as follows:

1. Upon the execution of this Stipulation, and with the approval of this Stipulation by the Court pursuant to Fed. R. Civ. P. 41(a)(2), all claims against BMW NA in this action, including but not limited to the claims asserted by George C. Jaynes, Jane A. Jaynes, Jason Sengel, and Cynthia Sengel against BMW NA in the Third Amended Consolidated Class Action Complaint (the "Third Amended Complaint") filed on or about February 28, 2005 in the above-captioned matter, and all consolidated MDL actions (the "Litigation"), shall be dismissed without prejudice.

2. The dismissal of BMW NA shall, by the mere passage of time, convert to a dismissal with prejudice of all claims against BMW NA in the Litigation, pursuant to Fed. R. Civ. P. 41(a)(2), on December 1, 2005, unless otherwise previously ordered by the Court pursuant to the procedures and standards set forth herein.

3. Until the dismissal becomes a dismissal with prejudice, Plaintiffs shall have the right, pursuant to Fed. R. Civ. P. 15(a), to move to amend the Third Amended Complaint (or any superseding Complaint in the Litigation) to add claims of George C. Jaynes, Jane A. Jaynes, Jason Sengel, and Cynthia Sengel (or others) against BMW NA based upon a demonstration to the satisfaction of the Court: (1) that Plaintiffs have discovered substantial evidence against

BMW NA with respect to the matters that are the subject of the Litigation, which evidence was not accessible to Plaintiffs, and which evidence merits the reinstatement of claims against BMW NA; and (2) that Plaintiffs have otherwise satisfied all of the requirements of Fed. R. Civ. P. 15(a), including, without limitation, issues with respect to prejudice. Nothing herein shall be construed to limit BMW NA's ability to challenge the propriety of any proposed amendment to the Third Amended Complaint (or any superseding Complaint in the Litigation).

4. In the event that the Plaintiffs undertake to move the Court on the grounds set forth in Paragraph 3 hereof, Plaintiffs shall give BMW NA not less than fifteen (15) days written notice of their intention prior to making any filing with the Court. The written notice from Plaintiffs to BMW NA shall include a detailed and complete description of the substantial evidence that Plaintiffs claim to have discovered with respect to the matters that are the subject of the Litigation and a detailed description as to how and when said evidence was discovered by Plaintiffs.

5. During the period between the execution of this Stipulation and December 1, 2005, BMW NA shall be treated for all purposes as a dismissed party to the Litigation. As such, BMW NA shall not, *inter alia*, be subject to, or participate in, discovery as a party in the Litigation, shall not participate in or be bound by any motions practice, including but not limited to motions related to class certification, and shall not be bound by any decisions entered by the Court. To the extent, if any, that BMW NA participates in any proceedings or discovery by virtue of its being a party in related coordinated state court cases, the parties recognize that any such participation would be on a separate and different basis from what it would be were BMW NA a party in this Litigation.

6. In the event that the Court allows a motion by Plaintiffs to amend the Third Amended Complaint (or any superseding Complaint in the Litigation) to add claims of George C. Jaynes, Jane A. Jaynes, Jason Sengel, and Cynthia Sengel (or others) against BMW NA, BMW NA shall be entitled to conduct discovery and litigate on its own behalf any matters that have been the subject of the Litigation in the intervening period. Plaintiffs agree not to assert that BMW NA is bound by any discovery conducted in the interim, is not entitled to conduct discovery anew, or is bound by any decisions of the Court with respect to other defendants, but rather, Plaintiffs agree that BMW NA shall be free to litigate all such matters on the facts particular to BMW NA. Subject to the terms otherwise contained herein, should the Court allow a motion by Plaintiffs to amend the Third Amended Complaint (or any superseding Complaint in the Litigation) to add claims against BMW NA, the parties reserve their rights to make any legal arguments or objections in good faith. With respect to class certification matters, should the Court allow a motion by Plaintiffs to reinstate their claims against BMW NA, to avoid any potential prejudice to BMW NA, Plaintiffs agree that BMW NA shall be entitled to a reasonable period of time to address class certification that takes into account sufficient time for Plaintiffs to move for class certification with respect to BMW NA and BMW NA's need to conduct discovery with respect to class certification matters, to retain experts and prepare expert reports, to conduct expert discovery, and to respond to class certification briefs submitted by the Plaintiffs.

7. Absent the allowance by the Court of a motion to reinstate claims against BMW NA prior to November 30, 2005, at 5:00 PM Eastern Daylight Time on December 1, 2005, BMW NA shall be dismissed from all claims in the Litigation with prejudice and without costs to either side, and with all rights of appeal and claims or rights to sanctions or attorneys' fees under

any applicable federal statute or rule being waived as between Plaintiffs herein and BMW NA. The parties agree that, from the date that the Court approves this Stipulation until the dismissal becomes with prejudice on December 1, 2005, applicable statutes of limitations shall continue to be tolled.

8. Plaintiffs agree that, notwithstanding the foregoing provisions of this Stipulation, they shall not move to amend the Third Amended Complaint (or any superseding Complaint in the Litigation) to name BMW Aktiengesellschaft ("BMW AG") as a defendant in the Litigation.

Respectfully submitted,

**HARVEY & FRANK, as liaison counsel for Plaintiffs,**

Respectfully submitted,

**BMW OF NORTH AMERICA, LLC,**

by its attorneys,

/s/ Robert S. Frank
Robert S. Frank, Esq.
HARVEY & FRANK
Two City Center
Fourth Floor
Portland, ME 04112-0126
Telephone: (207) 775-1300
Facsimile: (207) 775-5639

/s/ Daniel S. Savrin
Daniel L. Goldberg, Esq.
Daniel S. Savrin, Esq.
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8736

BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO
Joseph J. Tabacco, Jr
Todd A. Seaver
Kristin J. Madigan
425 California Street, Suite 2100
San Francisco CA 94104
Telephone: (415) 433-3200

*Chair, Plaintiffs' Executive Committee*

Dated: July 18, 2005

4

LITDOCS/605098.8

**SO ORDERED:**

/s/ D. Brock Hornby
D. Brock Hornby
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2005

LITDOCS/605098.8