UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE NEW MOTOR VEHICLES<br>    CANADIAN EXPORT ANTITRUST<br>    LITIGATION | ]<br>]<br>] | MDL DOCKET NO. 1532 |

ORDER ON EMERGENCY MOTION TO TEMPORARILY VACATE ORDER
CERTIFYING AN INJUNCTIVE CLASS PENDING THE COURT'S
CERTIFICATION DECISION UNDER RULE 23(B)(3)

The defendants' Emergency Motion to Temporarily Vacate Order Certifying an Injunctive Class Pending the Court's Certification Decision Under Rule 23(b)(3) is **DENIED**.

After I dismissed the plaintiffs' federal antitrust damages claim, they continued to seek federal antitrust injunctive relief, and they added state law damages claims. I dismissed a number of state damages claims, but left them with state damages claims in 23 states and the District of Columbia.

After case management conferences, the parties agreed upon, and I approved, a procedure by which the plaintiffs would move to certify a federal injunctive class under Fed. R. Civ. P. 23(b)(2) for the entire country, and particular state damages classes in six states (chosen as exemplars, recognizing the practical impact of any decision to certify or to refuse certification; as a result, three were chosen by the plaintiffs and three by the defendants). The class certification motion was filed, briefed and argued. Finding the 23(b)(2) analysis more straightforward than the 23(b)(3) analysis and seeing no reason to delay, I certified the federal injunctive class. I

announced that I would require a bit longer to rule on the six exemplar state damages classes under 23(b)(3). <u>In re New Motor Vehicle Canadian Export Antitrust Litig.</u>, No. 2:03-MD-1532-DBH, 2006 WL 623591, at *1 n.1 (D. Me. Mar. 10, 2006).

Now the defendants ask me to vacate my order. They argue that separating the class certification issues prejudices their Rule 23(f) appeal rights. They say that the First Circuit will have to decide whether to accept the appeal without knowing what I will do on the 23(b)(3) certification issue. <u>See</u> Defs.' Emergency Mot. to Temporarily Vacate Order at 2 (Docket Item 344). The defendants maintain that what I have done creates "procedural and substantive complexities associated with multiple, piecemeal Rule 23(f) appeals that may result from two separate class certification orders". <u>Id</u>. at 1.

I disagree.

The First Circuit is perfectly able to sit on the request to permit a 23(f) appeal while waiting for my decision on the 23(b)(3) certification. Whether it *wishes* to do so is a separate question. Clearly my decision to certify the 23(b)(2) class separately reflects my judgment that the two certification issues are entirely distinct.

The defendants also argue that "one of the fundamental issues underlying any class certification decision: the manageability of any trial of the action in which one or more classes has been certified" is central to both a 23(b)(2) class and a 23(b)(3) class. <u>Id</u>. at 2. They made no such argument as to the (b)(2) class in their original opposition to class certification, then arguing

2

trial manageability only as to the (b)(3) classes. Compare Defs.' Opp'n to Exemplar State Pls.' Mot. for Class Certification at 42-44 (Docket Item 305) (addressing problems with trial manageability for the proposed 23(b)(3) exemplar state damage classes) with id. at 44-47 (making no mention of trial manageability in arguing against certification of the 23(b)(2) injunctive class). That is understandable, since Rule 23(b)(2), unlike 23(b)(3), makes no reference to manageability; the First Circuit has not addressed it; and most of the Circuits that have addressed the issue have said only that manageability is an issue that a trial court *may*, in the exercise of its discretion, consider in certifying a (b)(2) class. See, e.g., Shook v. El Paso County, 386 F.3d 963, 973 (10th Cir. 2004) ("Elements of manageability and efficiency are not categorically precluded in determining whether to certify a 23(b)(2) class."); Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 759 n.5 (4th Cir. 1998) ("[W]e hold that in appropriate circumstances a district court may exercise its discretion to deny certification [of a 23(b)(2) class] if the resulting class action would be unmanageable or cumbersome."), vacated on other grounds, 527 U.S. 1031 (1999).

Furthermore, even if I decide that the 23(b)(3) classes cannot be certified because of trial manageability issues, the 23(b)(2) class will nevertheless proceed. In fact, the class certification issues are independent.

I fully understand that the defendants may want to file a protective notice of appeal under Rule 23(f) and may later choose to withdraw it, depending on what I decide vis-à-vis the 23(b)(3) classes. But I see no reason

to vacate the Order.

**SO ORDERED**.

**DATED THIS 21ST DAY OF MARCH, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CIVIL DOCKET FOR CASE #: 2:03-MD-1532-DBH**

## Liaison Counsel

**For Plaintiffs**
Robert S. Frank
Harvey & Frank
P.O. Box 126
Portland, ME  04112
(207) 775-1300

**For Defendants**
William J. Kayatta, Jr.
Pierce Atwood
One Monument Square
Portland, ME  04101-4033
(207) 791-1100

## Plaintiffs' Executive Committee

**Chair**
Joseph J. Tabacco
Sharon T. Maier
R. Scott Palmer
Law Firm of Berman, DeValerio, Pease, Tabacco, Burt & Pucillo
425 California Street, Suite 2100
San Francisco, CA  94104
(415) 433-3200

**Vice-Chair**
Michael M. Buchman
Law Firm of Milberg, Weiss, Bershad, Hynes & Lerach, LLP
One Pennsylvania Plaza, 49th floor
New York, NY  10119-0165
(212) 594-5300

**Additional Executive Committee Members**

Bernard Persky
Hollis L. Salzman
Chris McDonald
Goodkind Labaton, Rudoff & Sucharow, LLP
100 Park Avenue, 12th floor
New York, NY  10017
(212) 907-0700

Robert J. LaRocca
William E. Hoese
Kohn, Swift & Graf, PC
One South Broad Street, Suite 2100
Philadelphia, PA  19107
(215) 238-1700

Patrick E. Cafferty
Jennifer Winter Sprengel
Miller, Faucher & Cafferty, LLP
30 North LaSalle Street, Suite 3200
Chicago, IL  60602
(312) 782-4880

H. Adam Prussin
Don Davis
Pomerantz, Haudek, Block, Grossman & Gross, LLP
100 Park Avenue, 26th floor
New York, NY 10017
(212) 661-1100

Samuel D.  Heins
Alan I. Gilbert
Heins, Mills & Olsen, PLC
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 338-4605

Stephen Lowey
Peter St. Phillip
Lowey, Dannenberg, Bemporad & Selinger, PC
The Gateway
One North Lexington Avenue
White Plains, NY  10601
(914) 997-0500

Robert S. Frank
Harvey & Frank
P.O. Box 126
Portland, ME  04112
(207) 775-1300

**Defendants' Counsel**

Margaret M. Zwisler
William R. Sherman
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue N.W.
Washington, D.C.  20004
(202) 783-0800

Richard C. Godfrey
David J. Zott
Brett A. Bakke
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Michael R. Lazerwitz
Cleary Gottlieb Steen & Hamilton
2000 Pennsylvania Avenue N.W.
Suite 9000
Washington, D.C.  20004
(202) 974-1500

Robert A. Van Nest
Keker & Van Nest, L.L.P.
710 Sansome Street
San Francisco, CA  94111
(415) 391-5400

Peter Sullivan
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071
(213) 229-7000

Daniel L. Goldberg
Daniel S. Savrin
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Glenn A. Mitchell
Stein Mitchell & Mezines
1100 Connecticut Avenue
Suite 1100
Washington, D.C.  20036
(202) 737-7777

Deborah A. Garza
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, NW
Suite 800
Washington, D.C. 20004
202-639-7000