UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ]<br>    CANADIAN EXPORT ANTITRUST ]<br>    LITIGATION ] | MDL DOCKET NO. 1532 |

**PROCEDURAL ORDER**

A conference of counsel and hearing was held on June 1, 2006. I now enter the following Procedural Order.

    **1.**    **Melangagio v. General Motor Corp.** The MDL panel recently transferred this lawsuit here from the District of Nebraska. The plaintiffs in the Nebraska case have consented, through their lawyer, to consolidation with the lawsuit in this District and to having the Melangagio case remain in Maine through final judgment. The claim asserted in Melangagio was already pending in this court (a claim that the defendants violated Nebraska's consumer protection statute, Nev. Rev. Stat. § 59-1601 et seq. (LexisNexis 2005)). Despite extensive motion practice in this court, the defendants chose previously not to seek dismissal of the Nebraska claim. In the recently transferred lawsuit, however, there is pending a motion to dismiss for failure to state a claim, a motion filed in Nebraska state court before removal. It has never been briefed or argued. If the defendants wish to brief the motion to dismiss, they shall do so by June 30,

2006. I will then determine whether to have the plaintiffs respond, or, in light of the previous opportunities to make and argue such a motion, to delay consideration of the issue(s) until final dispositive motion practice.

**2.    The Ohio Lawsuit.**  I was informed that an Ohio lawsuit is also on its way here.  I have previously dismissed an Ohio consumer protection claim in this MDL lawsuit.  If the parties do not agree on the disposition of the new Ohio lawsuit, the defendants may file any motion to dismiss within thirty (30) days after the case arrives in this court.

**3.    The Toyota Settlement.**  The plaintiffs and Toyota Motor Sales, U.S.A., Inc. ("Toyota") have asked me to (a) give "preliminary approval" to their settlement; (b) defer any notice to the class until a final decision is reached on litigation classes as to other defendants; (c) certify a settlement class; and (d) continue the stay of this action as to Toyota as I previously ordered on April 3, 2006.  At the hearing June 1, 2006 they also asked for an injunction to protect Toyota against other lawsuits.

**(a)**  Rule 23 does not provide for "preliminary approval" or a "preliminary fairness determination."[1]   Over the years, however, the <u>Complex Litigation Manual</u> has come to use that term for what a court does in deciding to order

---

[1] All that Rule 23 requires is that a court "direct notice in a reasonable manner" and conduct a hearing prior to settlement approval to determine if the settlement is "fair, reasonable, and *(continued next page)*

notice to the class of a settlement.[2]  Before incurring the expense of widescale notice, it makes sense for a judge to say that a particular settlement has no chance of approval.  But there is criticism of calling this "preliminary approval."  See Nilsen v. York County, 228 F.R.D. 60, 62 (D. Me. 2005) ("Because a judicial declaration of 'preliminary fairness' unjustifiably suggests a built-in headwind

_____

adequate."  Fed. R. Civ. P. 23(e)(1)(B) & (C); the Rule includes no requirement or suggestion of the fairness of a proposed settlement.

[2] In a section entitled "Preliminary Fairness Review," the current version of the Manual describes a two-step review of a proposed settlement: first, a preliminary hearing at which "counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation"; and second, a final fairness hearing after notice is given to class members.  Manual for Complex Litigation (Fourth) § 21.632 at 320-21.  See also id. §§ 21.633, 21.634.  But, I have found a 1982 version and 1976 draft of the original Manual that, while similarly describing a two-step process for settlement review—where the court first finds that the proposal is "within the range of possible approval" so as to justify notice to the class and then has a final fairness hearing—also explicitly warn against any early judgment of the fairness of the proposed settlement.  See Manual for Complex Litigation § 1.46 at 52-53, 54-55 (5th ed. & 1982 Amendments) ("Such a preliminary hearing is not, of course, a definitive proceeding on the fairness of the proposed settlement, and the judge must be careful to make clear that the determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable, and adequate. . . . [T]he judge should carefully avoid expression of any opinion that constitutes a prejudgment of the outcome of the litigation or a final judgment on the merits.  On the contrary, he should make clear that it is simply a determination that there is, in effect, 'probable cause' to submit the proposal to members of the class and to hold a full-scale hearing on its fairness . . . ."); Tentative Draft of the Fourth Revision of the Manual for Complex Litigation, with Revisions to July 21, 1976 § 1.46 at 77, 79 (same).  See also Armstrong v. Board of Sch. Dirs. of Milwaukee, 616 F.2d 305, 314 (7th Cir. 1980) (citing to 1977 Manual and noting that the "preliminary, pre-notification hearing . . . is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing.").  The Complex Litigation Manual (Second) and (Third) both make significant changes to this section on settlement approval.  Rather than warning against making an early judgment on the settlement's fairness, the Manual (Second) describes the first step of the process as "a preliminary evaluation of the fairness of the settlement" and the Manual (Third) describes it as "a preliminary fairness evaluation."  See Manual for Complex Litigation (Second) § 30.44 at 241 (1985); Manual for Complex Litigation (Third) § 30.41 at 236 (1995).  The second, third, and fourth Manual do not provide any explanation for why a judge should make a preliminary fairness determination rather *(continued next page)*

3

against objections to the settlement, I am determining simply whether the proposed settlement agreement deserves consideration by the class and whether the notice is appropriate. I reserve all determinations of the proposed settlement's fairness, reasonableness, and adequacy until the [final fairness] hearing."); American Law Institute, Principles of the Law of Aggregate Litig. § 3.04 cmt. a, at 156 (Discussion Draft, Apr. 21, 2006) ("Many courts, at the preliminary-review stage, view the issue as whether to grant preliminary *approval* of the settlement. This Section rejects that approach. Even a preliminary decision in favor of the settlement may, as a practical matter, give an unwarranted presumption of correctness to a proposal that the court has not carefully considered. . . . Instead, the court should confer with counsel to identify any obvious flaws in the proposed settlement but should not offer anything that may be conveyed to the absent class members as a preliminary view on the fairness of the settlement."). It is particularly inappropriate here, where the parties do not even want me to order notice at this time. I would be "blessing" their settlement without hearing any objectors and with no imminent need for action. I decline to do so. I am expressing no judgment about it, good or bad.

**(b)** I do grant the request to defer notice. When the time comes for notice, I will confront whether notice to the class is appropriate.

_____
than, as the original Manual advises, simply determining whether there is "probable cause" to
*(continued next page)*

**(c)** I will need further briefing before I certify the proposed settlement class. I recognized at the hearing that a settlement class can be broader than a litigating class. In other words, there may be some value for settlement purposes even to substantive claims that I have rejected, because the plaintiffs have preserved their rights of appeal and could persuade the First Circuit that I was wrong. Parties can settle claims that they may not succeed in litigating, and a court can certify a settlement class without the trial manageability concerns of a litigating class, Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997). But I have concerns about an undifferentiated settlement class of the proposed scope for at least these reasons: (1) if it turns out that after the current class discovery I conclude that any litigated damage class must end sometime before the "present" because there is no longer any possibility of damages after a particular date, would it not be unfair to allow even settlement damages to class members who purchased or leased after that date? (2) since I have dismissed the federal antitrust claim for damages, and have concluded that in some states there are no state damage claims at all, would it not be necessary to have at least damage subclasses to recognize these distinctions?[3] (I assume that whatever damage

---

direct notice and schedule a final hearing.

[3] See, e.g., In re Relafen Antitrust Litig., 231 F.R.D. 52, 63 (D. Mass. 2005) ("In response to the Court's concern, the End Payors amended the Settlement Agreement to favor Illinois Brick repealer states in the event funds were insufficient, but which otherwise provided no differentiation between repealer and non-repealer states. . . . [Later] class counsel . . . employ[ed] *(continued next page)*

5

model the plaintiffs ultimately propose will address whether damage distinctions must be made based upon such issues as the make of the car purchased or leased and the dates, but the two foregoing questions seem to me to require specific consideration in advance of certification.).

**(d)** Finally, upon re-reading the motion for preliminary approval and the Settlement Agreement itself, I now am confused by references to injunctive relief at the June 1 conference. I see no direct reference to an injunction in the settlement agreement itself, in the motion for approval, or in the proposed Order of Preliminary Approval. In the motion for approval and supporting memorandum (Docket Item 353) I see a request for the court to "continu[e] the stay of this action as to [Toyota] as [I] previously ordered on April 3, 2006." In Attorney Tabacco's supporting affidavit, he notes in paragraph 20 that "this is a global settlement of

_____

another level of intramural negotiations to determine the role differences in state law should play in the settlement.") (citations omitted); In re Relafen Antitrust Litig., No. 01-cv-12239-WGY (D. Mass. Nov. 24, 2004) (MA Docket Item 373) (granting preliminary approval of settlement and conditionally certifying nationwide class for purposes of settlement with separate groupings of state(s) labeled "Group I States," "Group II States," "Group III States," "Hawaii," "New York" and "New Mexico"). Cf. Smith v. Sprint Commc'ns Co., L.P., 387 F.3d 612, 614 (7th Cir. 2004) (vacating nationwide class certification after concluding that the settling plaintiffs did "not adequately represent the interests of . . . groups [that] have already been certified as litigation classes in their respective states" because the "nationwide class . . . has not been and cannot be certified for trial [so the] nationwide class plaintiffs thus entered negotiations in what the Amchem court describes as a 'disarmed' state, unable to 'use the threat of litigation to press for a better offer,'— not a good position from which to represent the interests of parties that do wield such a threat.") (citing Amchem, 521 U.S. at 621) (additional citations omitted); Sullivan v. DB Invs., Inc., No. 04-cv-02819-SRC (D. N.J. Nov. 29, 2005) (N.J. Docket Item 33) (conditionally certifying nationwide class with two subclasses labeled the "Indirect Purchaser Reseller Subclass" and the "Indirect Purchaser Consumer Subclass") (Ex. A to Seaver Decl. in Supp. of Pls.' Reply Mem. (Docket Item 366)).

all pending litigations involving the subject matter of the suits against Toyota [which] contemplated that the Court will enter an order enjoining the prosecution of the MDL litigation against Toyota [and that] State Court plaintiffs in each of the jurisdictions where parallel actions are pending against Toyota agreed to seek a stay of such litigations in each of the pending jurisdictions."  All I see in the Settlement Agreement itself is the provision that all parties to the Agreement agree to seek a stay in any court where litigation is proceeding against Toyota, see Docket Item 336, Ex. A, Section 4, and a provision that after the settlement becomes final, the plaintiffs in the state actions "will move the respective courts in which State Actions against [Toyota] are pending to dismiss all claims against [them] in those State Actions with prejudice on the grounds that claims against [Toyota] in those State Actions have been settled, released and barred pursuant to the doctrine of res judicata," see id., Section 10.  Therefore, counsel shall clarify to the court what relief they are seeking by way of injunction in connection with the Toyota settlement and the court's jurisdiction to issue any requested injunctive relief in connection with the settlement.  In the meantime, the stay against Toyota in this action is continued.

   **4.   Nissan North America Inc.'s Motion for Leave to File Motion for Sanctions and to Exceed Page Limits.**  The motion is **GRANTED**.  The Rule 11 motion may be filed.  However, the plaintiffs need not respond to Nissan's Rule 11

motion at this point. This is a very complex case with many deadlines. We have already been through several stages of extensive motion practice on personal jurisdiction, the substantive adequacy of federal claims, the substantive adequacy of many state claims, and class certification. All of these stages were planned and sequenced. Summary judgment practice is still to come, and the defendants are urging Magistrate Judge Kravchuk that they want to get to it in a hurry. To focus attention now on a single defendant's motion to be removed from the case on Rule 11 grounds will divert energy and resources from resolving the overall lawsuit, and will invite other such diversions. If the plaintiffs violated Rule 11 at the time they filed the pleading in question, the delay will not change their liability. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1337.1 at 717 (2004) (noting that "the conduct subject to sanctions [under Rule 11] typically is appraised as of the time of filing"). Of course if Nissan is correct, the plaintiffs may be risking far larger sanctions by delaying their response, on account of the increased expense to Nissan of staying in the lawsuit. See Fed. R. Civ. P. 11(c)(2) ("[T]he sanction may consist of, or include . . . an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."). But in the interests of managing this extremely complex lawsuit, I

will defer requiring a response from the plaintiffs until the time of the summary judgment practice.

**5.** Since the June 1, 2006, conference, Magistrate Judge Kravchuk has held a telephone conference of counsel on the subject of deadlines for merits discovery, dispositive motions and related matters. She has scheduled a future such conference, before the end of June, to resolve these deadlines.

**6.** The parties shall meet and confer and, by June 30, 2006, present either a joint proposal or their several proposals about resolving the remaining state class certifications.

**7.** By June 30, 2006, the defendants shall file any motion to disqualify Milberg Weiss Bershad & Schulman LLP from continuing as Vice Chair of the Executive Committee of counsel for the plaintiffs and detail any discovery they request of named class representatives on this topic that the plaintiffs resist. The plaintiffs, Milberg Weiss, and/or any individual lawyers shall respond by July 14, 2006. I note that Attorney Tabacco by letter of June 13, 2006, has disclosed Mr. Bershad's previous role as mentioned by Attorney Tabacco at the June 1, 2006 conference. Any defendants' reply shall be filed by July 21, 2006.

**8.** My recent Order concerning class certification proceeded on the premise that I would try each certified class separately. I now understand that both the defendants and the plaintiffs had a different expectation, namely, a

single trial for everything. Accordingly, when the plaintiffs make their filings concerning the proposed termination date for the class under the schedule set by Magistrate Judge Kravchuk, they shall file a trial management plan for me to consider in determining whether to issue a final order certifying a nonsettlement class, as well as their position on whether manageability of a single trial for all claims controls the certification decision. The defendants shall respond in accordance with the schedule set by Magistrate Judge Kravchuk.

**SO ORDERED**.

**DATED THIS 16TH DAY OF JUNE, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**