# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE NEW MOTOR VEHICLES CANADIAN EXPORT ANTITRUST LITIGATION | ] ] ] ] ] | MDL DOCKET NO. 1532 |

### MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISQUALIFY MILBERG WEISS FROM CONTINUING AS COUNSEL IN THIS LITIGATION AND CROSS MOTION OF COUNSEL MICHAEL M. BUCHMAN AND J. DOUGLAS RICHARDS TO BE APPOINTED VICE-CHAIR OF THE PLAINTIFFS' EXECUTIVE COMMITTEE

## I. INTRODUCTION

Milberg Weiss Bershad & Schulman LLC ("Milberg Weiss") is one of the lead counsel in this multimillion dollar complex antitrust civil litigation that has been proceeding before me for the past three years. This year, a federal grand jury in Los Angeles indicted the law firm and two of its named partners. First Superseding Indictment, United States v. Milberg Weiss Bershad & Schulman LLP, No. 05-587 (C.D. Cal. 2006) (the "Indictment"). As it pertains to class actions, the Indictment charges that Milberg Weiss has engaged in a kickback scheme, illegally paying millions of dollars to certain individuals to represent them as named plaintiffs and thereby achieve the role of lead counsel in class action lawsuits. The Indictment seeks criminal forfeiture in the hundreds of millions of dollars against the firm. I have previously certified a class on one of the claims in this civil litigation and two proposed settlements are awaiting my

review.  As presiding judge I have a fiduciary responsibility to the plaintiff class.

See, e.g., Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 279-80 (7th Cir. 2002).

 In that capacity,  I now **DISQUALIFY** Milberg Weiss from the leadership role I

previously assigned it, namely, vice-chair of the Plaintiffs' Executive Committee,

even though the Indictment does not refer to activity in this civil litigation and

neither of the two partners actively participating in this  litigation has been

accused of any misconduct.  Whether the firm or these two lawyers can continue

to represent individual members of the class will depend upon written statements

from their clients that I detail later.   Documentary disclosure is appropriate to

ensure that none of the named plaintiffs here has been promised any payment or

kickback for serving as a named plaintiff, one of the charges the Indictment

makes against Milberg Weiss.

## II.  BACKGROUND

This litigation centers on antitrust claims, state and federal, against most of

the major automobile manufacturers and distributors.   The Judicial Panel on

Multidistrict Litigation began transferring all the federal lawsuits here in June

2003.  There are also claims pending in a number of state courts.   In a

multidistrict proceeding, one of the first questions is how to organize counsel so

as to avoid confusion and wasted time and money resulting from a large number

of lawyers pursuing the same or inconsistent efforts while representing a

multitude of individual plaintiffs. Here,  the plaintiff law firms (now more than 75,

I was told at oral argument) agreed on how to organize their efforts.   They proposed to me by motion that I approve the creation of a Plaintiffs' Executive Committee composed of nine firms, and that I appoint Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as chair and Milberg Weiss as vice-chair.   I did so on November 12, 2003.[1]   On November 17, 2003, I entered a further Order concerning the management and authority of the Plaintiffs' Executive Committee.   The litigation has proceeded.   Magistrate Judge Kravchuk and I have ruled on a substantial number of difficult dispositive and nondispositive motions, I have certified a nationwide injunctive relief class and I have indicated that I will certify state law damage classes once certain information is complete, a point that is near.   I have also attempted to coordinate matters with the state courts handling similar litigation.   One defendant, Toyota Motor Sales, U.S.A., Inc., has settled for $35 million, subject to court approval; the Canadian Automobile Dealers Association has settled for $700,000, also subject to court approval; and the plaintiffs have voluntarily dismissed several defendants.   Fact discovery is due to be completed by February 16, 2007, and expert discovery is due to be completed by October 10, 2007.

On May 18, 2006, a federal grand jury in the Central District of California (Los Angeles) indicted Milberg Weiss and named partners David J. Bershad and

---

[1] The other firms are:  Goodkind Labaton Rudoff & Sucharow LLP; Kohn Swift & Graf, P.C.; Miller Faucher & Cafferty LLP; Pomerantz Haudek Block Grossman & Gross LLP; Heins Mills & Olsen, *(continued next page)*

Steven G. Schulman on the charges I summarized at the outset of this opinion.

Trial is not scheduled to occur before January 8, 2008 (Stipulation and Proposed

Order Regarding: Speedy Trial Findings, United States v. Milberg Weiss Bershad

& Schulman LLP, No. 05-587 (C.D. Cal. Dec. 11, 2006) (Docket Item 172)).  At a

conference of counsel held in Portland, Maine, on June 1, 2006, I raised with the

assembled lawyers what implications, if any, the California Indictment has for this

case.  After that conference, the defendants filed a motion to disqualify Milberg

Weiss from the Plaintiffs' Executive Committee and from the lawsuit altogether.

They also asked for disclosure of information bearing upon Milberg Weiss's

relationship with any of the named plaintiffs.  In addition to opposing the motion,

two Milberg Weiss partners, Michael M. Buchman and J. Douglas Richards, who

have had the primary involvement for the firm in this MDL litigation, filed a cross

motion to be named individually to the position now occupied by Milberg Weiss if

the firm should be disqualified.  The defendants opposed the cross motion.  I held

oral argument on December 8, 2006.

### III.  ANALYSIS

I find it useful to separate the issues as follows: (1) the motion to remove

Milberg Weiss from a leadership role in the lawsuit;  (2) the cross motion to

substitute lawyers Buchman and Richards for Milberg Weiss's leadership role;

(3) the motion to remove Milberg Weiss altogether from the litigation, even in

--------------------------------

P.L.C.; and Harvey & Frank.

representing individual members of the plaintiff class; and (4) the request for disclosure of the nature of any named plaintiff's relationship with Milberg Weiss.

**1.** ***Motion to Remove Milberg Weiss from the Plaintiffs' Executive Committee***

    **(a)**    ***What this Determination Does Not Involve***

        ***(i)*** The question of removing Milberg Weiss from the Plaintiffs' Executive Committee is not the typical issue involving lawyer/client relationships. Although Milberg Weiss has three clients who are named plaintiffs, the issue of Milberg Weiss's leadership role on the Plaintiffs' Executive Committee is different from whether it can be permitted to continue representing those plaintiffs individually. I as judge, not the parties, had and have the final say on who should be on the Plaintiffs' Executive Committee, managing the activities of all the lawyers. In making the leadership role determination on these motions, no individual plaintiff's choice of lawyer is at stake. Most of the cited case law does not address this distinct issue. [2]

---

[2] The caselaw on disqualification generally is heavily factbound. As one example, Pigford v. Veneman, 355 F. Supp.2d 148, 166-67 (D.D.C. 2005)**,** the careful decision by my colleague Judge Paul Friedman denying a motion for disqualification of lead class counsel, is a decision that was made after settlement had been reached, the matter appealed and remanded, and implementation of the class settlement well underway. The criterion of "absolutely necessary" that Judge Friedman used in deciding not to disqualify class counsel may well have been appropriate in those circumstances, but is not appropriate here. Here, that criterion would give too much deference to the economic interests of the lawyers, and not enough to the class. Moreover, Judge Friedman drew that standard from cases where the issue was not leadership role but outright disqualification of counsel. See Pigford, at 166-67, citing Board of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979); Koller ex rel. Koller v. Richardson-Merrell Inc., 737 F.2d 1038 (D.C. Cir. 1984); Ackerman v. Nat'l Prop. Analysts, Inc., 887 F. Supp. 510, 517-18 (S.D.N.Y. 1993); In re Barnett, 97 F.3d 181, 184 (7th Cir. 1996).

*(ii)*  In this particular case, the leadership challenge does not provoke my concern as being a tactical attempt to interfere with the other side's legal strategy.  That may well be the effect, but the indictment of a major law firm that is one of the lead counsel in a lawsuit of this magnitude, dealing with defendants from the United States, Canada and elsewhere, justifies the defendants in pursuing the issue.  I believe that I was the one who placed the topic on the agenda for the June 1, 2006, conference of counsel.

*(iii)*  The leadership challenge does not raise the constitutional presumption of innocence.  Milberg Weiss and the partners named in the Indictment will have the benefit of that presumption in their criminal case.  What I should do in this multidistrict civil case is a separate and distinct question.  As presiding judge, I have a fiduciary obligation to the plaintiff class, not to Milberg Weiss.

*(iv)*  Substantive fairness to the Milberg Weiss law firm or its lawyers is not the issue.  Private clients can terminate a lawyer/client relationship regardless of whether the decision is fair.  Here, there are no private clients to make the choice of leadership role.  Instead, I as presiding judge and fiduciary for the plaintiff class must choose for the plaintiff class.  In making that decision, I do not take into account the economic or reputational interests of the Milberg Weiss firm or its lawyers.

6

*(v)*  The briefing has brought to my attention what a number of other judges, state and federal, have done in response to the Milberg Weiss Indictment in cases where the firm was requesting court approval to represent a class or already acting as class counsel.[3]  Although I am grateful to have those examples, and have found what those judges did instructive, ultimately none of them decides this case.   In each case the judge must assess the interests of that particular class, the other lawyers available and the stage of the case.  Each case, therefore, is different.

     *(b)*       <u>**What this Determination Does Involve**</u>

There are only two criteria involved in my decision on Milberg Weiss's Plaintiffs' Executive Committee role:  (1) what is best for the plaintiff class?; and (2) what effect will my decision have on judicial economy and finality in this litigation?  At oral argument, I pressed the lawyers for a standard, and both sides seemed to respond that it was entirely a matter of discretion.   Even discretion must be guided, however, and I conclude that the two criteria I have mentioned are critical.

     *(i)*  <u>***The Interests of the Class, Certified and Putative.***</u>  There are many capable lawyers, other than the Milberg Weiss lawyers, who can continue to provide the necessary leadership in this lawsuit.  Berman DeValerio, the chair of

---

[3] I have also learned what certain state officials, such as an attorney general or trustee for a pension fund, have done concerning representation by the firm.

the Plaintiffs' Executive Committee, is a firm with significant antitrust class action experience and capacity.  So are other members of the Executive Committee.  The Berman DeValerio lawyer who has been acting as lead counsel, Joseph Tabacco, stated at the June 1, 2006 conference that Milberg Weiss lawyers have made very significant and substantive contributions, but recognized that in the end Berman DeValerio as Chair of the Plaintiffs' Executive Committee has responsibility for the litigation.[4]  Tr. of June 1, 2006 Conference at 50, MDL 1532 (Docket Item 370).  My decision to disqualify means that Milberg Weiss's expertise and support will no longer be available, but Attorney Tabacco did not come close to suggesting that the entire case would be hobbled without Milberg Weiss.[5]  Taking Milberg Weiss off the case will cause a temporary disruption, but after listening to the lawyers I am confident that it is manageable.  If there is a resulting need for an

---

[4] Mr. Tabacco:

> We've had a very, very significant, an ongoing substantive assistance in this litigation from Mr. Buchman and Mr. Richards at [the] Milberg Weiss firm.  They have argued motions before your Honor and they've done a huge amount of work behind the scenes and they really have been a very significant part of the team.  But it is clear and has always been the understanding that as Chair of the MDL Executive Committee that the ultimate responsibility for direction of this litigation has rested with me and with my firm.  In that respect it is not a situation where they are colleagues with us, it's a situation where they have the title of Vice Chair.

Tr. of June 1, 2006 Conference at 50.

[5] I recognize that tremendous financial capacity is required to mount a class action of the kind before me.  No one has suggested, however, that the necessary capacity is unavailable without Milberg Weiss.

extension of a deadline (for example, Milberg Weiss has been handling discovery as to Daimler Chrysler), it can be requested.

On the other side of the ledger is this:  I granted the motion that resulted in Milberg Weiss becoming vice-chair of the Plaintiffs' Executive Committee in part because of that firm's demonstrated financial, legal and administrative capacity to pursue this massive litigation.[6]  Those characteristics have altered and been threatened since the appointment.   The Indictment seeks criminal forfeitures against the firm in the hundreds of millions of dollars.  I was told at oral argument that nineteen partners have left and twenty-eight remain. Obviously, I cannot predict what the criminal proceedings will do to the ultimate viability of the firm.   Although I was urged to deny the motion to disqualify because the firm is not in immediate jeopardy, I conclude that a fiduciary would not wait:  the benefits of maintaining the status quo do not outweigh the risks. It is better to restructure the leadership of class counsel now before this civil litigation or the criminal case is further along.

---

[6] I was told in October of 2003:

> The firm is deep in talent and well-capitalized, allowing it to dedicate considerable human and other resources and to advance expenses in numerous contingent class action cases simultaneously to the fullest extent necessary to achieve the best possible result for its clients.  Milberg Weiss is well-staffed with more than 180 highly-qualified attorneys.   In addition, Milberg Weiss has in-house forensic accountants, private investigators and numerous paralegals.

Pls.' Mem. of Law in Support of their Mot. for the Appointment of Counsel, at 10 (Docket Item 39).

(ii)  **_Effect on Judicial Economy and Finality._**  The defendants previously have made clear that they plan to appeal my class certification orders.  Milberg Weiss's ongoing involvement would be one more issue for that appeal.  Two defendants have already settled, pending court approval.  It is certain therefore that I will have to evaluate settlements, and objections are likely.  Milberg Weiss's ongoing involvement would present one more ground for objection to settlements. (One of the Milberg Weiss partners named in the Indictment has already played a role in the Toyota settlement; David Bershad accrued 32 hours in that connection on as yet unspecified activities.  <u>See</u> Letter from Joseph Tabacco to Melody Whitten, U.S.D.C. D. Me., MDL 1532 (June 13, 2006) (Docket Item 371)). In light of the lead role of Berman DeValerio and the presence of other firms, these factors alone would probably not be enough to disqualify Milberg Weiss. But they have some modest additional effect on my decision.

I conclude that I should grant the motion to remove Milberg Weiss from its leadership role on the Plaintiffs' Executive Committee.  Given the other lawyers serving and available to serve in the leadership role, it is unlikely that I would have appointed Milberg Weiss to the Plaintiffs' Executive Committee had it been under indictment at the time I approved the plaintiffs' lawyers' management structure.  This is not a case where Milberg Weiss is the only competent counsel who can prosecute the plaintiffs' claims successfully or where my decision to remove the firm from leadership interferes with a private choice of counsel.  Given

the wide experience and capacities of other members of the Plaintiffs' Executive Committee and its chair, and taking into account only the interests of the certified class and the putative class, the answer is clear: as a fiduciary for the class, I should not permit Milberg Weiss to continue in its leadership role.

2.   ***Cross Motion to Appoint Messrs. Buchman and Richards***

At the June 1, 2006 conference, I expressed some puzzlement that the Order I signed November 12, 2003, appointed named firms rather than named lawyers to the Plaintiffs' Executive Committee.  (In my experience, it is more typical for individual lawyers to enter their appearances in litigation, albeit reflecting their professional partnerships or corporations.)  Messrs. Buchman and Richards, the two partners at Milberg Weiss who have had the largest involvement in this litigation, then filed a motion for appointment to the Plaintiffs' Executive Committee in place of Milberg Weiss if I should decide to disqualify Milberg Weiss and, if I should be unwilling to appoint them while they are part of Milberg Weiss, to allow them until a date certain in October 2006 to find another affiliation.

I have some sympathy for Messrs. Buchman and Richards.  No one has suggested any misconduct on their part.  But the reasons that I have disqualified the Milberg Weiss firm from a leadership role produce the same conclusion concerning individual appointment of Messrs. Buchman and Richards while they remain partners of the firm.  The firm as a whole has been indicted, and the future of its legal and administrative support structure is uncertain.  Since a

break must be made, a clean break is best.  As for allowing Messrs. Buchman and Richards time to find another professional home and to retain their involvement in a leadership role in this litigation in the meantime, I observe first that the time they requested for such a move has passed and they are still at Milberg Weiss; second that I cannot appoint them in the abstract but would need to know that their professional circumstances provide the necessary financial and administrative support to justify their appointment.  I do not appoint them to the Plaintiffs' Executive Committee in Milberg Weiss's place.

**3.      *Motion to Remove Milberg Weiss from Representing any Member of the Plaintiff Class***

Because individual plaintiffs have rights to the counsel of their choice, I am not excluding Messrs. Buchman and Richards or Milberg Weiss from maintaining representation of individual clients.  There, the standards for disqualification are stringent.  <u>See</u>, <u>e.g.</u>, the cases cited in note 2, <u>supra</u>.  But should any such clients wish to continue that relationship, they are required to state that desire explicitly in a letter to this Court by January 22, 2007, also stating that they have read this Order.

**4.      *Request for Further Discovery to Ensure that None of the Plaintiffs Has Been Improperly Promised Remuneration***

The defendants proposed limited discovery (or in the alternative affidavits) to ensure that none of the named plaintiffs in this lawsuit has the kind of fee or kickback arrangements with Milberg Weiss that the Indictment charges.  Oral

argument revealed that the parties expect to be able to reach agreement on providing appropriate documentary evidence to satisfy that concern. They shall confer, and if they cannot reach agreement, present the opposing positions in writing by January 22, 2007.

### III. CONCLUSION

If initially I had appointed Messrs. Buchman and Richards to the Plaintiffs' Executive Committee rather than the Milberg Weiss firm *and* if the grand jury had indicted only other partners at Milberg Weiss, not the firm as a whole, undoubtedly the outcome here would be different.   Misconduct (alleged or proven) by law partners in other cases would not disqualify Messrs. Buchman and Richards in this case.  But those are not the facts.  The entire Milberg Weiss firm *has* been indicted, with huge criminal forfeitures sought.  I therefore **GRANT** the defendants' motion to remove Milberg Weiss from the Plaintiffs' Executive Committee and **DENY** the cross motion of Messrs. Buchman and Richards to be appointed in its stead.  Ongoing representation of individual plaintiffs depends upon the filing and disclosure requirements I have enumerated.

**SO ORDERED.**

**DATED THIS 18TH DAY OF DECEMBER, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**