UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| In Re: New Motor Vehicles Canadian Export Antitrust Litigation | ) ) ) MDL Docket No. 03-md-1532 ) ) |

**Order on Discovery Dispute**

This matter is before the court on two discrete issues. First, the plaintiffs contend that Defendant Nissan North America has exceeded the allotted 25 interrogatories and therefore have objected to Interrogatories 13 – 22 as supernumerary in contravention of Rule 33 of the Federal Rules of Civil Procedure. Second, the plaintiffs have objected specifically to Interrogatory 13 because it seeks production of documents related to the plaintiffs' pre-filing investigation and is undertaken for the sole purpose of supporting potential *seriatim* Rule 11 motions directed at earlier versions of the operative amended complaint. As a result of a discovery conference held on April 18, 2007, both sides to this discovery dispute have submitted written argument on the second issue (the availability of discovery for Rule 11 purposes). (See Docket Nos. 581 & 582.) I now enter the following orders:

**1. The Number of Interrogatories**

Nissan originally propounded five interrogatories on June 21, 2006; two of those interrogatories were withdrawn before the plaintiffs filed substantive answers. On December 29, 2006, Nissan propounded interrogatories numbered one through twelve and on March 14, 2007, Nissan propounded interrogatories thirteen through twenty-two, the set of interrogatories at issue in this dispute. The numbering chronology suggests that Nissan propounded no more than

twenty-five interrogatories. However, Nissan, in certain of its interrogatories, asked the plaintiffs to detail all evidence, including documents and testimony, in support of any denial entered to corresponding requests for admission. Thus, Interrogatory 1 asked the plaintiffs to detail all evidence in support of any denial of Requests for Admission 1 and 2. Request for Admission 1, denied by the plaintiffs, asked for an admission that "there is no direct evidence that Nissan USA participated in the alleged conspiracy." Request for Admission 2, denied by the plaintiffs, asked for an admission that "there is no direct evidence Nissan Canada participated in the alleged conspiracy." The plaintiffs answered Interrogatory 1. Using the same methodology, Interrogatory 12 asked the plaintiffs to explain "the basis for the denial and state all facts and identify all documents and other evidence you contend support your denial" as to Requests for Admission 3 through 117. Plaintiffs answered this interrogatory as to their denials entered to Requests for Admission 7, 9, 10, 11, 12, 13, 108, 111, 112, 113, 114, 115, and 116. Admittedly, some of this interrogatory answer simply references responses to other interrogatory answers, such as, "see response to Interrogatory No. 8, above" but some of the specific requests required new interrogatory answers which were provided.

      The plaintiffs calculate that they have answered the twenty-five interrogatories permitted under the Rule and Nissan should not be allowed to use this device to expand the number of interrogatories. In support of their position the plaintiffs provided a well-reasoned case, Safeco of America v. Rawstron, 181 F.R.D. 441 (C.D. Ca. 1998). The magistrate judge pointed out that a party should not be permitted use of a rhetorical device which "transforms each request for admission into an interrogatory." Id. at 445. By the same token "[t]his does not mean, of course, that every interrogatory of this sort **necessarily** contains a separate subpart for each underlying request for admission." Id. at 446 (emphasis in the original). The magistrate judge concluded

that it depends on context and the court has to examine the underlying requests for admission and the relationship among them, with the presumption running toward the conclusion that "each underlying request for admission constitutes a separately countable subpart" of the propounded interrogatory. Id.  I am comfortable with this analysis and I have applied it to the requests for admissions and the answers to the second set of interrogatories that have been submitted to me for review.

That being said, I am not persuaded that the first twelve interrogatories exhausted the full twenty-five allotted.  While Interrogatory 1 amounts to two separate interrogatories because one request for admission pertained to Nissan USA and the other to Nissan Canada, I am not convinced that Interrogatory 12 amounted to thirteen additional interrogatories because the basis for the denial of the underlying request for admission in at least three cases required no more of a response than "see response to Interrogatory No. 8" and in two other cases the plaintiffs were able to respond by simply stating "see response to Interrogatory No. 1."  The redundancy of the plaintiffs' response reflects the redundancy of the interrogatory.  These particular requests for admission are really not discrete subparts that should qualify as separate interrogatories.

At the telephone conference regarding this dispute Nissan orally moved for relief under Rule 26 (b)(2) of the Federal Rules of Civil Procedure, requesting leave to exceed the twenty-five allotted interrogatories, should I determine that Interrogatories 1 and 12 counted as more than two interrogatories.  To the extent it is necessary to grant such leave in order to comply with this order and the provisions of Rule 33, limiting the number of interrogatories to 25, I now grant Nissan permission to file Interrogatories 14 – 22.  I note that Interrogatory 14 simply calls for supplementation of earlier answers, the plaintiffs' obligation in any event, so I do not view it as an additional interrogatory.  The other eight interrogatories (15 – 22) are to be answered by the

plaintiffs in spite of the twenty-five interrogatory limit and the fact that the discrete answers to Interrogatory 12 may result in the total number exceeding twenty-five. The plaintiffs shall serve these interrogatory answers by May 16, 2007.

**2. Interrogatory 13**

The plaintiffs objected to this particular interrogatory on two grounds, first that it is supernumerary in contravention of Rule 33 and second that it requires production of documents relating to the plaintiffs' pre-filing investigation and is designed solely for Rule 11 purposes. Interrogatory 13 states "[i]f you deny any aspect of Request for Admission Nos. 120 – 192 above, or any of them, in whole or in part, explain the basis for the denial and describe in detail all evidence, including but not limited to all documents and testimony, that you contend you possessed at the pertinent time." In this instance the plaintiffs denied Requests for Admission 120 – 125, 129 – 137, 142 – 150, 154 – 162, 166 – 174, 178 – 186, 190 – 192. These requests asked the plaintiffs to admit that they had no evidence of Nissan USA's involvement in any conspiracy at the time of the filing of the initial complaint, the first amended complaint, the second amended complaint, the third amended complaint and the fourth amended complaint. Nissan USA does not dispute that the primary purpose of Interrogatory 13 is to obtain fuel for *seriatim* Rule 11 motions aimed at the various pleadings filed by the plaintiffs.

In order to put this discovery request in perspective it is necessary to understand the history of this simmering dispute. In July 2006 Nissan USA filed a Rule 11 motion directed at the fourth amended complaint. By that time the action had been pending approximately three years and the operative pleadings had been amended a number of times. Nissan maintains in its Rule 11 motion that the massive discovery in this case conclusively proves that "[i]ndeed when Plaintiffs filed their Amended Complaint in July 2005, they undoubtedly possessed facts that

demonstrated that Nissan USA did not belong in this case." (Docket No. 383 at 2-3.) Due to the heavy motion practice and in light of various scheduling concerns related to the need to keep discovery moving forward, the plaintiffs are not required to respond to the motion for sanctions until July 2007, approximately one year after the motion was filed. Nissan USA has therefore remained in the case throughout the fact discovery. In its Rule 11 motion Nissan USA seeks recovery of all its attorney fees and dismissal of the action against it.

The plaintiffs answered Interrogatory 13 by stating, *inter alia*, that an interrogatory seeking information relating to their pre-filing investigation for Rule 11 purposes is impermissible under applicable discovery rules, citing <u>In re Convergent Technologies Securities Litigation</u>, 108 F.R.D. 328, 346 (N.D. Ca. 1985). As Nissan points out in its brief, the argument that Rule 11 discovery is "impermissible" is flat wrong. Indeed, in their own brief the plaintiffs back away from the position that such discovery is impermissible under the Rules, recognizing that Rule 11 discovery may be allowed when the requesting party is able to present "a substantial justification." <u>Id.</u> Based upon my review of the cases relied upon by the parties, I am satisfied the court has discretion to order Rule 11 discovery when the circumstances justify that it do so.

In the present case I can find no such circumstances. Nissan USA believes that at the time the plaintiffs filed their fourth amended complaint the record was so devoid of evidence of their involvement in any conspiracy that a Rule 11 motion was warranted. *That motion has already been filed.* To undertake discovery now regarding the state of the record at the time of the initial pleading forward through the third amended complaint would be a complete waste of resources. If there was no evidence supporting the fourth amended complaint after three years of litigation and intensive discovery, it would be a fair inference that there was no stronger case at the time of the initial complaint. There is no evidence here that the plaintiffs' counsel engaged in

5

the type of conduct which justified the Rule 11 discovery in <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1105-1107 (11th Cir. 2001).  Nissan USA's position here is simply that the plaintiffs knew or should have known from the beginning that Nissan USA was not involved in this conspiracy and, in any event, it should have been obvious by the time they filed their fourth amended complaint. The existing Rule 11 motion provides the appropriate vehicle to test that hypothesis and if Nissan USA is proven correct, the relief it seeks under that motion can make it whole.  There is no reason to pursue this additional discovery.  The plaintiffs are not required to answer Interrogatory No. 13 both because to do so would require them to answer well more than the allotted twenty-five interrogatories and because Nissan USA has not shown a substantial justification for this Rule 11 discovery.

CERTIFICATE

Any objections to this report shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated May 1, 2007

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge