UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE NEW MOTOR VEHICLES | ] | |
|     CANADIAN EXPORT ANTITRUST | ] | MDL DOCKET NO. 1532 |
|     LITIGATION | ] | |

**ORDER ON FORD'S OBJECTION TO MAGISTRATE JUDGE'S ORDER COMPELLING PRODUCTION OF MEETING NOTES**

Ford of Canada's General Counsel attended two meetings with the Canadian Automobile Dealers Association ("CADA") and other manufacturers. He took handwritten notes of what was said there. Magistrate Judge Kravchuk has ordered that the notes be produced, but has offered to review them *in camera* to determine if any of them are privileged. Ford has objected to her ruling on attorney-client privilege grounds (not work product). I **AFFIRM** her ruling.

*Applicable Law*

The parties have not addressed what law applies to this assertion of privilege, a complicated subject for this multidistrict case. For the federal Sherman Act claim, federal common law applies. See Fed. R. Evid. 501. For the state damage claims, state attorney client privilege law applies, state by state for the 20 plus states where damage claims remain. Since the lawyers have not

distinguished among the various state laws and federal common law, neither shall I.[1]

### *Law of Attorney Client Privilege*

Attorney client privilege protects *communications* between lawyer and client (in either direction). See, e.g., Me. R. Evid. 502(b) (Maine law); United States v. Massachusetts Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997) (federal common law); Restatement (Third) of the Law Governing Lawyers § 68 (2000). But these meeting notes are not communications between the lawyer and client; they are notes of what was said by representatives of a variety of manufacturers, not notes of what Ford told its lawyer or what its lawyer told Ford.[2] Ford argues, however, that its lawyer testified at deposition that the notes were not verbatim, that he used the notes "to provide advice—legal advice back to Ford," Excerpt of Tr. of Dep. of Norm Stewart at 4 (Docket Item 623-2), and that he "took [the notes] in order to prepare [himself so [he] could give advice back to Ford as their counsel." Id. at 2. That would justify (in the absence of waiver) an objection to a question asking the lawyer what legal advice he gave or what he told Ford, but that question has not been asked here. The question is only what notes the lawyer took of the meetings of the Association. These notes might even be work product in the proper circumstances, but Ford does not make that argument here.

---

[1] Likewise, no one has argued that Canadian law applies.

Instead, Ford has argued that it can prevent disclosure of the notes because "from these notes, one could infer the content of Ford confidential communications with its counsel and the legal strategies and thought processes of both Ford and Mr. Stewart." Ford's Objection at 6 (Docket Item 596). But Ford has rejected the Magistrate Judge's offer to review the notes *in camera*:

> to the extent Ford believes that a portion of the notes contain confidential communications made by the client, or contain notes reflective of actual advice or discussions intended for the client, Ford could submit the notes to me for an in camera review and if I agreed with them that the specific portions pertained to matters within the attorney client privilege, I would then sustain their claim of privilege as to those portions of the notes.

Rep. of Tele. Conf. and Order at 2 (Docket Item 579).

I conclude that the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a). Ford's objection therefore is **OVERRULED**.

**SO ORDERED.**

**DATED THIS 5TH DAY OF JUNE, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] It is not asserted that the lawyer gave the notes to Ford personnel.