**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE  NEW MOTOR VEHICLES ]<br>        CANADIAN EXPORT ANTITRUST ]<br>        LITIGATION ] | **MDL DOCKET NO. 1532** |

**MEMORANDUM ORDER IN SUPPORT OF
CLASS CERTIFICATION ORDER**

In this complex multidistrict antitrust and consumer protection lawsuit that involves federal law as well as the state laws of many states, there has been extensive motion practice on issues of personal jurisdiction, ability to proceed on federal claims in light of Illinois Brick v. Illinois, 431 U.S. 720 (1977), ability to proceed on state law claims in light of state statutes and caselaw (state-by-state), and most recently the propriety of certifying one or many classes, federal or state. The defendants have resisted class certification outright. There has also been litigation over the chronological scope of any statewide damage class. Over the course of many months, I have ruled on the class certification issues presented by the parties. Most recently, I directed the plaintiffs to propose a class certification order that both complies with Fed. R. Civ. P. 23 and reflects my rulings. I also allowed the defendants to respond. As a result, I have received competing proposals. The parties have explained some of their differences, but not all.

My concern now is Rule 23(c)(1)(B), which provides, effective December 1, 2003:

> An order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).

The beginning ("define the class") and end ("appoint class counsel") of the provision are self-explanatory. It is the middle of the provision that provokes concern: the requirement to define "the class claims, issues, or defenses."

In any lawsuit, the "claims, issues, or defenses" are a constantly moving target. What they appear to be at the initial scheduling order is usually far different from what they appear to be at the final pretrial order. The trial itself (when there is one, these days) often differs as well. Multiply that uncertainty in a simple civil case many times over for a complex multidistrict antitrust matter. The Advisory Committee Notes do not provide any explanation for this new requirement in the Rule. <u>Wachtel v. Guardian Life Ins. Co. of America</u>, 453 F.3d 179, 184 (3d Cir. 2006). The Standing Committee on Rules of Practice and Procedure reported to the Judicial Conference in proposing the amendment in 2002 that:

> Such a requirement facilitates application of the interlocutory-appeal provision of Rule 23(f) by requiring that a court must define the class it is certifying and identify the class claims, issues, and defenses.

Report of Standing Committee on Rules of Practice and Procedure (published September 2002) at 11 (found at http://www.uscourts.gov/rules/reports.htm). Thus, its rationale appears to be an assist to appellate judges by providing a written baseline against which to measure the propriety of the certification or noncertification order. In other words, it is a measure of the trial judge's reasoning capacity in reaching the conclusion on certification. The Third Circuit has pointed to an additional reason: assisting the composition of appropriate notice to the class under Rule 23(c)(2). That seems an unlikely companion to the first goal, however. Crafting notice to laypeople to help them decide whether to remain in a class is quite different from what circuit courts of appeals ask trial judges to provide to make appellate decisionmaking easier. This Third Circuit decision, the only appellate opinion I have found that deals with 23(c)(1)(B), concludes that the new Rule requires "a clear and complete summary of those claims, issues, or defenses subject to class treatment," and notes that "[c]urrent practice often falls short of that standard." 453 F.3d at 184:

> Although examples of common claims, issues, or defenses presented by the case may be discussed as part of the court's commonality, typicality, or predominance analysis, certification orders and memoranda are most often *devoid* of any clear statement regarding the full scope and parameters of the claims, issues or defenses to be treated on a class basis as the matter is litigated.

Id. at 185 (emphasis added).

There is, of course, a reason for the void. Defendants who do not want a class to be certified at all devote their entire argument to defeating certification. They are not interested in highlighting formulations of the "claims, issues or defenses" that might support certification. Plaintiffs also may have strategic reasons not to reveal "the full scope and parameters" of all the claims, issues or defenses. If the district court rejects the defendants' arguments against certification, it then composes a certification order based on what has been argued. District judges do have experience composing scheduling orders and final pretrial orders, but those orders' statements of claims, issues and defenses tend to be abbreviated, designed to move the litigation forward, not the sort of elaboration that appellate judges like to see in reviewing a decision on appeal when matters have come to a halt.

There seem to be only two solutions to help a district court meet the Rule's requirements as amplified by the Third Circuit, neither of them attractive: (1) require the parties to argue, simultaneously with the issue of certification, what claims, issues and defenses are to be identified in a certification order if certification is granted; or (2) permit a second stage of briefing and argument on that topic after the court has ruled that certification of a class is proper. The first option will be well-nigh impossible in many complex cases, because there are so many permutations and combinations that depend on the scope of the class

certified. The second option will prolong what are already drawn-out and expensive proceedings. As the Third Circuit opinion recognizes:

> Class actions often present extraordinarily complex factual and legal scenarios, such that a complete list of the claims, issues, or defenses appropriate for class treatment may be difficult to discern or articulate at the time of certification.

Id. at 186 n.8.

Thus, like many other improvements, this one comes at a substantial cost, and class actions already are infamously costly. In this already aging, complex and expensive multidistrict litigation before me, I am reluctant to order a new round of briefing. I will therefore do the best I can based upon what the parties have filed already.

My accompanying class certification order generally reflects what the parties have agreed to, after exchanging drafts of the proposed certification order. Where they have disagreed, I have made decisions and this is my explanation:

1. I have deleted from the class exclusion the plaintiffs' proposed listing of "co-conspirators" and also the substitution of "ToyotaCanada, Inc.; Nissan Canada, Inc.; Mercedes-Benz Canada Inc.; the Canadian Vehicle Manufacturers' Association; and the Association of International Automobile Manufacturers of Canada." The Toyota, Nissan and Mercedes-Benz entities are automatically excluded as subsidiaries or affiliates of named defendants; the two associations

have never previously been named and I have no record basis upon which to list them as excluded.

2.     I do not limit the individual statewide damage classes, as the defendants request, to those persons who purchased "at retail, for end use by that consumer." That issue has never previously been argued. It is true that the term "consumer" has been used often in this litigation, but loosely so in the sense of purchaser, not with a view to statutory definitions. Moreover, state antitrust statutes, the premise for many of the damage claims, generally are not limited to consumer plaintiffs. Some state consumer protection or unfair trade practices are so limited, but not all. Compare, e.g., 5 Me. Rev. Stat. Ann. § 213(1)(2006) (limiting recovery under the Maine Unfair Trade Practices Act to "[a]ny person who purchased or leased goods, service, or property . . . primarily for personal, family, or household purposes."); with Neb. Rev. Stat. § 59-1609 (allowing recovery under the Nebraska Consumer Protection Act for "[a]ny person [including corporations, partnerships, etc..., id. § 59-1601] who is injured in his or her business or property"). Clearly, each statewide damage class will have to prove that it qualifies for damage relief under the state statute in question, and my certification order reflects that. No more should be necessary. I also do not at this time exclude "fleet purchasers," whatever that term means (according to the defendants, entities like Hertz that purchase "thousands of vehicles for its rental customers";

according to the plaintiffs, small businesses that buy more than one vehicle. Non-Settling Defs.' Objection to Pls.' Proposed Order Certifying Class Action and Appointing Class Counsel at 4 (Docket Item 599) ("Defs.' Obj."); Pls.' Reply re: [Proposed] Order Certifying Class Action and Appointing Class Counsel at 2 (Docket Item 617) ("Pls.' Reply"). This issue has never previously been argued, and I do not have an adequate record on which to decide it. Perhaps it will require later modification of the class. See Fed. R. Civ. P. 23(c)(1)(C).

3. For each of the statewide damage classes, I have listed as a factual and legal issue the effect of the alleged conspiracy on both the listed and effective dealer invoice prices and the listed and effective Manufacturers Suggested Retail Prices ("MSRPs") of new vehicles sold in that state during the class period. That is my resolution of two disputes: (a) the plaintiffs want me to say only "effective" (price); the defendants want me to eliminate the word "effective"; (b) the defendants want me to frame the issue as whether the conspiracy would have affected "all or virtually all vehicles." Pls.' Reply at 6-7; Defs.' Obj. at 9-10. There are factual issues still to be resolved on how the pricing system works and how the alleged conspiracy affected it, and I believe the phrasing I have chosen adequately informs both notice to the class and any interlocutory appeal on each state's damage class.

4. For the federal injunctive class, the parties have agreed that one issue is "the duration of the alleged conspiracy and the nature and character of the defendants' acts performed by each of the defendants in furtherance of it." For the individual statewide damage classes, however, the plaintiffs want to leave out the phrase "by each of the defendants." Neither party has explained the significance of their disagreement. I suspect that it has to do with the difference between the proper scope of injunctive relief (measured defendant by defendant) and damage relief (perhaps joint and several liability in some states). That difference can be argued to me at trial. I see no reason why its determination now should affect either an interlocutory appeal or the nature of notice to the class. The defendants are of course correct that the plaintiffs will have to show with respect to a particular defendant that it joined the conspiracy, but the challenged phrase is broader than that. I am leaving out the phrase at this time.

5. The defendants object to some of the plaintiffs' language on the basis that it does not correctly reflect the burden of proof. I am not resolving burden of proof issues in this certification order. I have, however, altered the wording to tie the violation of the particular state statute to causation of compensable injury.

6. The defendants object to the plaintiffs' statement of restitutionary relief. The defendants are correct that I have ruled previously that any relief in the nature of restitution will depend solely upon state statutory liability and

8

whether restitutionary relief is available under the particular statute. I therefore have phrased the damage relief accordingly.

7. The defendants object to the phrasing of the plaintiffs' damage relief, presumably based upon their argument that "fluid" recovery is not available. I have ruled previously that under First Circuit precedent, the difficulty of distributing damages is not a ground for denying class certification. The measure of damages, of course, may vary from state to state, as my previous Orders have stated, and as this Order reflects.

8. I am, by this Order, approving the reinstatement of Messrs. Buchman and Richards into their previous positions on the Plaintiffs' Executive Committee now that they are no longer associated with Milberg Weiss and have established appropriate financial and administrative support by joining a firm that already was represented on the Executive Committee, Pomerantz Haudek Block Grossman & Gross, LLP. I do not repeat here the justifications given previously for my appointment of them or of other class counsel (an appointment made before Rule 23(g) made appointment of class counsel part of the certification decision), but incorporate all of them by reference.

9. I have stated previously, 241 F.R.D. 77, 84 (D. Me. 2007), that I want to know whether the court of appeals is accepting an interlocutory appeal before I determine notice and that I want to hear further from counsel about notice,

particularly given the two proposed settlements. I have established briefing schedules accordingly, but they may need adjustment.

**SO ORDERED.**

**DATED THIS 15TH DAY OF JUNE, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**