# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

IN RE NEW MOTOR VEHICLES ]
CANADIAN EXPORT ANTITRUST ]   MDL DOCKET NO. 1532
LITIGATION ]

## ORDER CERTIFYING CLASS ACTION AND
## APPOINTING CLASS COUNSEL

Upon consideration of :

- Exemplar State Plaintiffs' Motion For Class Certification (Docket Item 262)

- Defendants' Opposition (Docket Item 305)

- Plaintiffs' Reply (Docket Item 323)

- Non-Exemplar States' Motion for Class Certification (Docket Item 418)

- Plaintiffs' Proposed Trial Management Plan (Docket Item 420)

- Defendants' Further Opposition to Plaintiffs' Motion for Class Certification Regarding End Date, Manageability and Non-Exemplar States (Docket Item 461)

- Plaintiffs' Reply (Docket Item 475)

- Nissan North America Inc.'s Objection to Plaintiffs' Reply Regarding the Proposed Order Certifying Class Action (Docket Item 622)

- Certain Defendants.' Joinder to Nissan North America, Inc.'s Objection to Plaintiffs' Reply Regarding the Proposed Order Certifying Class Action (Docket Item 624)

- the parties' arguments;

and for the reasons articulated in the Court's prior orders, and specifically:

- Order on Motion for Class Certification, March 10, 2006 (Docket Item 343)

- Order on Emergency Motion to Temporarily Vacate Order Certifying an Injunctive Class Pending the Court's Certification Decision Under Rule 23(b)(3), March 21, 2006 (Docket Item 348)

- Order on Motion For Class Certification: Exemplar State Damage Classes, May 12, 2006 (Docket Item 361)

- Supplemental Order on Class Certification of State Damage Classes, March 21, 2007 (Docket Item 547);

**IT IS HEREBY ORDERED** that:

1. The plaintiffs' motion for class certification of a nationwide class pursuant to Rule 23(b)(2) is **GRANTED**;

2. The plaintiffs' motion for class certification of statewide classes pursuant to Rule 23(b)(3) is **GRANTED** for statewide classes in each of Arizona, Arkansas, California, Idaho, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin; it is **DENIED** for Georgia, Montana, and Utah.

3. A nationwide plaintiff class (the "Injunctive Class") is hereby **CERTIFIED** pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure consisting of:

2

> All persons (excluding governmental entities, this Court, the defendants,[1] their parents, subsidiaries and affiliates) who purchased or leased or intended to purchase or lease a new motor vehicle manufactured by a defendant from a United States dealer during the period from January 1, 2001, to March 10, 2006.

4.     The plaintiff classes (collectively, the "State Damage Classes") in each of Arizona, Arkansas, California, Idaho, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin are hereby **CERTIFIED** pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure consisting of:

> All persons in [the indicated state] (excluding governmental entities, this Court, the defendants, their parents, subsidiaries and affiliates) who purchased or leased a new motor vehicle (not previously sold or titled) manufactured by a defendant and purchased from an authorized dealer of that manufacturer in [the indicated state] during the period from January 1, 2001, to April 30, 2003.

5.     The Injunctive Class is **CERTIFIED** for resolution of all claims for injunctive relief in the plaintiffs' Fifth Amended Complaint (Corrected) (Docket Item 489) and all defenses thereto asserted in the defendants' answers; and each

---

[1] "Defendants" as used in this Order shall refer to General Motors Corporation; General Motors of Canada, Ltd.; Ford Motor Company; Ford Motor Company of Canada Limited.; Toyota Motor Sales USA, Inc.; American Honda Motor Co., Inc.; Honda Canada, Inc.; DaimlerChrysler Corporation; DaimlerChrysler Canada, Inc.; DaimlerChrysler Motors Co., LLC; Mercedes-Benz USA, LLC; Nissan North America, Inc.; and the Canadian Automobile Dealers' Association.  "Defendant" as *(continued next page)*

3

of the State Damage Classes is certified for resolution of all claims for damages under that state's laws as set forth in the plaintiffs' Fifth Amended Complaint (Corrected) (Docket Item 489) and all defenses thereto asserted in the defendants' answers.

6.     The Injunctive Class is **CERTIFIED** for resolution of the following factual and legal issues:

(a)     Whether the defendants, and each of them, entered into and engaged in a combination and conspiracy to elevate or maintain at artificially high levels U.S. new vehicle prices by restraining a lower-priced channel of distribution of Canadian exported vehicles into the United States, in violation of Sherman Act § 1;

(b)     The identity of each of the participants in the alleged conspiracy;

(c)     The duration of the alleged conspiracy and the nature and character of the defendants' acts performed by each of the defendants in furtherance of it;

(d)     Whether the alleged conspiracy threatens loss or injury to the Injunctive Class;

_____
used in this Order shall refer to any one of the above-listed defendants.

(e)     Whether the alleged conspiracy violated the Sherman Act § 1 and Clayton Act § 16;

(f)     Whether the plaintiffs have proved by a preponderance of the evidence all the requirements for injunctive relief; and, if so,

(g)     The proper scope of injunctive relief.

7.     Each of the State Damage Classes is **CERTIFIED** for resolution of the following factual and legal issues:

(a)     Whether the defendants, and each of them, entered into and engaged in a combination and conspiracy to elevate or maintain at artificially high levels U.S. new vehicle prices by restraining a lower-priced channel of distribution of Canadian exported vehicles into the United States;

(b)     The identity of each of the participants in the alleged conspiracy;

(c)     The duration of the alleged conspiracy and the nature and character of the defendants' acts performed in furtherance of it;

(d)     The effect of the alleged conspiracy on the listed and effective dealer invoice prices and listed and effective MSRPs of new vehicles sold in [indicated state] from January 1, 2001, to April 30, 2003;

(e)     Whether the alleged conspiracy violated the antitrust statute of the state [Arizona, California, Kansas, Maine, Michigan, Minnesota, Mississippi, Nevada, New Mexico, North Dakota, South Dakota, Tennessee, Vermont or West Virginia];

(f)     Whether the alleged conspiracy violated the consumer protection statutes / unfair trade practice statutes of the state [Arkansas, California, Idaho, Maine, Massachusetts, Nebraska, Nevada, New Hampshire, New Mexico, Vermont, or West Virginia];

(g)     Whether actions in violation of the particular statute caused injury to the named plaintiffs and the other members of the State Damage Class within that state;

(h)     The amount of damages to be recovered in a particular state and a method for distributing damages.

8.     The following representative parties will fairly and adequately protect the interests of the Injunctive Class:

> Cathy-Ann Accomando, Dennis Aylward, Barry Kushner, Parry Sadoff, Alan Schlesinger, Katherine Barrett Riley, Henry Kornegay, Kenneth J. Martinez, Randall Peterson, Alison Arrington, Susan LaCava, Jack Berke, Arlene Berke, Larry Kindberg, Lindsay Medigovich, and Edith Thayer

9.     The following representative parties will fairly and adequately protect the interests of the respective State Damage Classes:

John Milton Matter (Arizona); Barbara Moore[2] (Arkansas); Lindsay Medigovich (California); Parry Sadoff (California); Denise Rosen (Idaho); John Cook (Kansas); David Kious (Kansas); Dennis Aylward (Maine); Cathy-Ann Accomando (Massachusetts); Phillip Comorski (Michigan); Peter McInness (Michigan); Barry Kushner (Minnesota); Katherine Barrett Riley (Mississippi); Kevin Ruser (Nebraska); Evelyn Auld (Nevada); Jason Mercer (Nevada); Larry Kindberg (New Hampshire); Kenneth J. Martinez (New Mexico); Hilary Eliot (New Mexico); Donald Mohr (North Dakota); Randall Peterson (South Dakota); Ronald Jewell (Tennessee); Susan Gray (Tennessee); Aubrey V. Spear III (Tennessee); James Weir (Tennessee); Elizabeth Weir (Tennessee); Jack Berke (Vermont); Arlene Berke (Vermont); David Perdue (West Virginia); Susan LaCava (Wisconsin); Edith Thayer (Wisconsin)

10.    Pursuant to Federal Rule of Civil Procedure 23(g), class counsel is appointed as follows:

Joseph J. Tabacco, Jr.
Todd A. Seaver
BERMAN DeVALERIO PEASE TABACCO
BURT & PUCILLO

*Chair, MDL Executive Committee*

| Michael M. Buchman<br>J. Douglas Richards<br>POMERANTZ HAUDEK BLOCK<br>GROSSMAN & GROSS, LLP<br><br>*Vice-Chair, MDL Executive Committee* | Robert S. Frank<br>HARVEY & FRANK<br><br><br>*Liaison Counsel & MDL Executive Committee Member* |
| --- | --- |

---

[2] Barbara Moore serves the Arkansas State Damage Class in her capacity as personal representative of the Estate of Jimmie Moore.

7

| | |
|---|---|
| Richard W. Cohen<br>LOWEY DANNENBERG BEMPORAD<br>SELINGER & COHEN, PC<br><br>*MDL Executive Committee Member* | Samuel D. Heins<br>David Woodward<br>HEINS MILLS & OLSON, PLC<br><br>*MDL Executive Committee Member* |
| Patrick Cafferty<br>Jennifer Winter Sprengel<br>CAFFERTY FAUCHER, LLP<br><br>*MDL Executive Committee Member* | Bernard Persky<br>Hollis L. Salzman<br>LABATON SUCHAROW & RUDOFF, LLP<br><br>*MDL Executive Committee Member* |
| Robert J. Larocca<br>William W. Hoese<br>KOHN SWIFT & GRAF, P.C.<br>*MDL Executive Committee Member* | |

11.    By August 15, 2007, the plaintiffs shall submit  for the Court's approval (a) a class notice program and forms of notice for the State Damage Classes and for the proposed settlement classes (defendants Toyota and CADA) that are jointly agreed to by counsel for all parties, or (b) if the parties are unable to agree on forms of notice, the plaintiffs shall submit proposed notice programs and forms of notice, accompanied by a brief in support thereof.  The defendants shall respond to plaintiffs' proposals and brief by August 29, 2007.

SO ORDERED.

DATED THIS 15TH DAY OF JUNE, 2007

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**