# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

IN RE NEW MOTOR VEHICLES    ]
      CANADIAN EXPORT ANTITRUST    ]        MDL DOCKET NO. 1532
      LITIGATION    ]

### ORDER ON DEFENDANT NISSAN NORTH AMERICA, INC.'S
### UPDATED MOTION FOR SANCTIONS

In this massive multi-district class action now replete with motion practice, Nissan North America, Inc. ("Nissan North America") has filed a Rule 11 motion seeking immediate dismissal plus attorney fees. I conclude that at bottom, it is a summary judgment motion, and deciding it now would disrupt the established schedule that was devised for this case after extensive consultations with the lawyers. As a result, I **DENY** the Rule 11 motion without prejudice to its renewal (as to attorney fees and other types of sanctions) if and when Nissan North America obtains summary judgment.

### BACKGROUND

This is an antitrust lawsuit. The plaintiffs sued most major automobile manufacturers and distributors, along with two dealer associations. From 2003 until now, the Judicial Panel on Multidistrict Litigation ("MDL") has transferred 31 cases to this District. There are parallel proceedings pending in various state courts. The parties in the MDL litigation have consented to remain here for trial. A schedule for the multitude of events in the case was established, mostly by

agreement, and at least after extensive consultation.[1]  And there have been many events in this litigation already: among them, appointment of lead counsel and coordinating counsel on both sides; joint coordinating orders with various state courts; confidentiality orders; discovery orders; and extensive and complex motion practice on the following topics:

(1)     Motions to dismiss for lack of personal jurisdiction.  A number of defendants succeeded on this motion, including Nissan Canada, Inc. ("Nissan Canada");

(2)     Motions to dismiss, for failure to state a claim, the federal antitrust claim because of Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977).  The federal injunctive claim survived, but the damages claim was dismissed against the original defendants and then again against later named leasing company defendants;

(3)     Motion to dismiss a variety of state law counts for failure to state a claim (state antitrust; state consumer protection; common law restitution).  Many of these claims were dismissed; claims remain as to 23 states and the District of Columbia;

(4)     Motion to certify a federal injunctive class—granted;

(5)     Motions (in stages) to certify statewide damages classes—granted as to 20 individual states;

(6)     Motions to intervene—denied;

(7)     Motion to disqualify counsel—granted; and

(8)     Discovery disputes and motions of all sorts.

The plaintiffs voluntarily dismissed some defendants before certification of a class.  After certification, they moved to dismiss the National Automobile Dealers

---

[1] The schedule was most recently modified on August 21, 2007.

Association, a motion that is pending.  They have also moved for approval of monetary settlements with Toyota and with the Canadian Automobile Dealers Association, motions that are pending.  Currently pending in the Court of Appeals for the First Circuit are appeals by certain plaintiffs whose claims I have dismissed; and on August 16, 2007, the First Circuit agreed to hear the defendants' appeal of my orders granting class certification.

Discovery is scheduled to end in five months, and summary judgment motions are due to be filed on February 7, 2008.

### This Motion

On April 18, 2006, Nissan North America requested leave to file a Rule 11 motion, seeking dismissal of the lawsuit against it plus its attorney fees.  It asserted that the plaintiffs did not have reasonable grounds for naming it as an original defendant; or even if they did, that during the course of discovery, it should have become apparent to them that Nissan North America can have no liability, yet the plaintiffs continue to name it as a defendant in every amended complaint (now, five amendments).  Certainly Nissan North America was obliged to file its motion, given its beliefs,[2] and on June 16, 2006, I allowed it to do so.  Initially, however, I excused the plaintiffs from responding to the motion, because I did not want their energies diverted from the planned stages of the lawsuit.  On February 8, 2007, Magistrate Judge Kravchuk, with the plaintiffs' consent, set a

---

[2] Advisory Committee's Notes on 1983 Amendment to Rule 11 ("A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so."); Advisory Committee's Notes on 1993 Amendment to Rule 11 ("Ordinarily the motion should be *(continued next page)*

briefing schedule, and the Rule 11 motion now is fully briefed.  The plaintiffs dispute Nissan North America's argument, and maintain that they had grounds for suing it both originally and now.

## ANALYSIS

Nissan North America observes that the amended complaints do not allege conduct that distinguishes Nissan North America from the other conspirators, but instead make allegations generally about the defendants, undifferentiated.  It does not argue, however, that the amended complaints fail to state a claim. (Indeed, there has been abundant 12(b)(6) motion practice already.)

Instead, the underlying premise of Nissan North America's motion is that, when they filed their initial complaint and the subsequent amendments to it, the plaintiffs' lawyers had no reasonable basis for alleging that Nissan North America was a member of a conspiracy to restrict the importation of Canadian cars into the United States:

> Rule 11 sanctions should be imposed on Plaintiffs because they have maintained their claims against Nissan USA[3] knowing that it did not belong in this case.  Plaintiffs purposefully continued this lawsuit against Nissan USA even after their own discovery confirmed that Nissan should never have been named as a defendant, and their Fifth Amended Consolidated Class Action Complaint filed in January 2007, as well as their prior complaints, are premised on numerous false factual allegations.

Def. Nissan North America, Inc.'s Updated Motion for Sanctions ("Nissan Mot. for Sanctions") at 1 (Docket Item 651).  Nissan North America maintains that the

---

served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely.").

4

plaintiffs had and have no evidence to support their allegation that Nissan North America ever was a co-conspirator—no evidence that Nissan North America ever entered into an agreement, no evidence that Nissan North America ever attended meetings at which the subject may have been discussed, and no evidence that Nissan North America ever responded to certain email.  Ordinarily, lack of evidence is the subject of a Rule 56 motion for summary judgment, and all such motions are due to be filed on February 7, 2008.  But Nissan North America does not want to await that date, wants to stop accruing legal fees now in defending the lawsuit, and wants me to make an example of the plaintiffs and their lawyers by dismissing the claim now and awarding fees.

To determine whether Nissan North America's arguments are meritorious, I would need to examine the evidence that the plaintiffs' lawyers possessed for existence of any conspiracy when they filed the original complaint and thereafter; what they knew then about the relationships among various Nissan entities such as Nissan North America, Nissan Motor Company, Ltd. and Nissan Canada;[4] and whether any evidence justified or justifies their inference that Nissan North America joined in a conspiracy (for example, a Nissan Canada email to Nissan North America attaching a document that states under "Countermeasures": "We'll continue to exchange related information with most other auto makers for the

---

[3] In its Motion for Sanctions, Nissan North America refers to itself as Nissan USA.

[4] Nissan North America claims that it is separate from Nissan Canada.  Nissan Mot. for Sanctions at 4.  According to the corporate disclosure statements filed in this court in 2003, Nissan North America, a California corporation, owns about 62% of Nissan Canada.  Corporate Disclosure Statement of Nissan Canada (Docket Item 16).  The remainder of Nissan Canada is owned by *(continued next page)*

purpose of finding effective solutions to this industry-wide problem."). Pls.' Mem. of Law in Opp'n to Def. Nissan North America, Inc.'s Updated Mot. for Sanctions at 7 (Docket Item 658). In doing so, I would also need to assess the significance of parallel conduct and whether the lawyers should have concluded that any parallel conduct here was independent.[5] In all of this, I will have to determine what the lawyers learned at various points in time and what inquiries they undertook. I do not know (and it has not been argued) whether all of this can be done on a group basis or will require individual examination, plaintiffs' lawyer by plaintiffs' lawyer (and there are many of them).

Thus, to do what Nissan North America wants, requires me to look at the merits of the plaintiffs' claims, including the variety of affidavits and documents that the parties have filed, just as I would look at a motion for summary judgment. Any rulings I might make would have implications for the summary judgment practice that soon will be upon us. A trial court has discretion to delay ruling on a Rule 11 motion to avoid disrupting the progress of a lawsuit.[6] Indeed, the First Circuit has stated:

_____

Nissan Motor Company, Ltd., the Japanese parent company, which also owns all of Nissan North America. See id; Corporate Disclosure Statement of Nissan North America (Docket Item 19).

[5] Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007), clarified the pleading standards concerning what is necessary to defeat a 12(b)(6) motion. It was not decided until May of this year, after the conduct challenged under Rule 11 occurred. However, Twombly does not appear to have changed the substantive antitrust law, that only contracts, combinations or conspiracies are prohibited, not independent parallel conduct. See id. at 1964.

[6] Advisory Committee's Notes on 1983 Amendment to Rule 11 ("The time when sanctions are to be imposed rests in the discretion of the trial judge."); Advisory Committee's Notes on 1993 Amendment to Rule 11 ("The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 . . . if filed, . . . should be decided.").

> Courts should, and often do, defer consideration of certain
> kinds of sanctions motions until the end of trial to gain a full
> sense of the case and to avoid unnecessary delay of
> disposition of the case on the merits. *This is a sensible
> practice where the thrust of the sanctions motion is that
> institution of the case itself was improper.*

Lichtenstein v. Consolidated Servs. Group, Inc., 173 F.3d 17, 23 (1st Cir. 1999)

(emphasis added); see also Advisory Committee's Notes on 1983 Amendment to

Rule 11 ("it is anticipated that in the case of pleadings the sanctions issue under

Rule 11 normally will be determined at the end of the litigation"); 5A Charles A.

Wright et al., Federal Practice and Procedure § 1337.1 (3d ed. 2004) ("Wright &

Miller")("If the challenged conduct is the institution of the action itself . . . whether

there has been a Rule 11 violation generally is not decided until after the litigation

is completed, in order to avoid delaying the disposition of the merits of the case.").

The Lichtenstein statement applies here fully.  It cannot be gainsaid that the

underlying premise of Nissan North America's Rule 11 motion is that it is entitled

to summary judgment, *i.e.*, on the undisputed facts (according to Nissan North

America), it is entitled to judgment as a matter of law and the lawsuit never

should have been brought against it.  Although dismissal of baseless claims is

theoretically available under Rule 11, it is better to deal with those arguments on

the merits under a rule like Rule 56.  See Thomas v. Capital Security Servs., Inc.,

836 F.2d 866, 878 (5th Cir. 1988) (citing William W. Schwarzer, Sanctions Under

the New Federal Rule 11—A Closer Look, 104 F.R.D. 181, 204 (1985)); 5A Wright

& Miller § 1336.3 ("Rule 11 should not be used to raise issues as to the legal

sufficiency of a claim or defense that more appropriately can be disposed of by a

motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.").

Is there sound reason for me to deviate from this preferred practice? On the one hand, when abuses occur, federal class action judges should act sternly and expeditiously to root them out, stop lawyer misconduct and set a deterrent, and Nissan North America says that it is spending hundreds of thousands of dollars to defend a lawsuit that it should not have to defend. Nissan Mot. for Sanctions at 1–2, 18. On the other hand, proceeding to rule now will cause duplication of my efforts (having to assess conspiracy facts and law both now on this motion and again later on the summary judgment motions), may interfere with the briefing of other summary judgment motions (rulings on the Nissan motion obviously would affect the summary judgment arguments the lawyers can and should make concerning other defendants), and will encourage lawyers to use this device in future complex cases to pre-empt a carefully crafted court-established summary judgment schedule.[7]

Nissan North America and/or its lawyers clearly are frustrated, angrily so. I do not judge now whether their anger is justified. But a Rule 11 motion is not the vehicle to cure all that they think is wrong with class action practice.[8]

---

[7] Earlier, I stayed a summary judgment motion by General Motors because it did not comply with the established schedule. Later General Motors withdrew the motion.

[8] According to the motion:

> Strong sanctions are necessary to send a message to these Plaintiffs and their counsel that filing baseless suits that are designed to extort settlements is not a cost-free or risk-free exercise. They will serve to counter the ever-growing litigation costs which serve only to drain vitality from the economy and cause prices to rise for consumers. Lawyer-led class action lawsuits against substantial

*(continued next page)*

As a result, I **DENY** the Rule 11 motion at this time.  Soon I will be examining all the merits issues as to all the defendants in conjunction with summary judgment practice.[9]  If, at the end of the lawsuit, Nissan North America still believes that it has grounds for Rule 11 sanctions, it may refile and I will consider its request then.  Although it will then be too late to obtain dismissal of the lawsuit as relief (if Nissan North America's position is correct, it will by then have won summary judgment), it will not be too late to award attorney fees against the plaintiffs' lawyers if they have violated the Rule or against Nissan North America if the request is frivolous.  Since Nissan North America asserts in its motion that this is big business for the lawyers, a significant monetary award

---

corporations such as Nissan USA have become big business, as evidenced by the dozens of law firms that have joined in this lawsuit and dozens of others throughout the country.  The lengths to which these Plaintiffs' attorneys go to generate lawsuits against corporations that have done nothing more than conduct business in this country is unconscionable.  As the Senate Committee report in connection with the Class Action Fairness Act of 2005 recognized:

> "By now, there should be little debate about the numerous problems with our current class action system.  A mounting stack of evidence reviewed by the Committee demonstrates that abuses are undermining the rights of both plaintiffs and defendants. . . . The problem of inconsistent and inadequate judicial involvement is exacerbated in class actions because the lawyers who bring the lawsuits effectively control the litigation; their clients—the injured class members—typically are not consulted about what they wish to achieve in the litigation and how they wish it to proceed."

Nissan Mot. for Sanctions at 19-20.  The Senate Committee report quoted by Nissan North America was talking about state court class actions, not those in federal court, to which it wished to shift many class actions.  I do not find it helpful as a judge to confront the legal issues in terms that might more appropriately appear on the Wall Street Journal editorial page.

[9] It would have been sooner, but because the First Circuit imposed a very expedited briefing schedule on the parties late last week when it agreed to hear the defendants' appeals of my certification orders, I granted an extension of time yesterday.

against them then would not be meaningless, either as recompense or as
deterrence.[10]

So Ordered.

Dated this 22nd day of August, 2007

/s/D. Brock Hornby

**D. Brock Hornby**
**United States District Judge**

---

[10] Nissan North America recognizes that in this class action it is the lawyers, not the plaintiffs, who
are primarily responsible: "There can be no doubt that this lawsuit is the creation of counsel."
Nissan Mot. for Sanctions at 20 n.7.