UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ] <br>     CANADIAN EXPORT ANTITRUST ] <br>     LITIGATION ] | MDL DOCKET NO. 1532 |

**PROCEDURAL ORDER**

A conference of counsel was held on April 24, 2008.  I now enter the following Procedural Order.

1.  All parties agreed that I should proceed without awaiting the outcome of the plaintiffs' petition for rehearing in the First Circuit.

2.  All parties agreed to the dismissal of NADA under Rule 41(a).  Since there is no certified class, Rule 23 does not govern the dismissal.

3.  All parties agreed that the only case that might qualify for diversity jurisdiction is <u>Melangagio</u> from the District of Nebraska.  There is disagreement over how that could affect the rest of the proceedings here.  All parties agreed that supplemental jurisdiction is available.  The plaintiffs, however, maintain that I should decline supplemental jurisdiction as to five states: Arizona, California, Minnesota, New Mexico, and Wisconsin.

4.  The remaining Canadian defendants do not intend to contest personal jurisdiction as suggested by the First Circuit in footnote 14.

5. The parties informed me that previously pending state proceedings in New Jersey and Iowa have been dismissed.

6. I will not determine whether an evidentiary hearing is needed on Daubert/Kumho issues until I review the summary judgment papers.

7. On the summary judgment motion, the plaintiffs' request for a 12-day extension is **GRANTED**. They shall file their response by June 3, 2008. The defendants shall file their reply by July 9, 2008.

8. I will not determine whether additional discovery is appropriate as the plaintiffs have suggested until I see their response to the summary judgment motion and any Rule 56(f) affidavit they file.

9. I will allow separate briefing on class certification, but not deferred until after my summary judgment ruling. The First Circuit has remanded the case to me to determine certification on a complete record, the record now is complete, and Rule 23 requires certification "[a]t an early practicable time." Therefore, I believe that it is not appropriate to delay further. Accordingly, the plaintiffs shall file their memorandum in support of certification by June 30, 2008. The defendants shall respond by July 28, 2008. The plaintiffs shall file any reply by August 11, 2008.

10. I am considering further the issue of supplemental jurisdiction and the request to move forward on the approval process for the Toyota and CADA settlements. No further briefing is necessary on supplemental jurisdiction, and

2

I will issue a decision soon on both those items, but it is important not to delay this procedural order pending my deliberations on those items.

**SO ORDERED.**

**DATED THIS 24TH DAY OF APRIL, 2008**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**