**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE  NEW MOTOR VEHICLES      ]<br>          CANADIAN EXPORT ANTITRUST  ]<br>          LITIGATION                 ] | MDL DOCKET NO. 1532 |

**FURTHER PROCEDURAL ORDER FOLLOWING<br>APRIL 25, 2008, CONFERENCE OF COUNSEL**

*Pending Settlements*

  I am not inclined to proceed with the settlement approval process with respect to Toyota and CADA at this time. To do so would require expenditure of significant sums in order to provide notice to the proposed settlement class. Any expenditure of that sort reduces the amount ultimately available to distribute to class members. I wish to keep to a minimum the number of different notices to the class members.[1] As I have said to counsel previously, it is also difficult to craft a notice that will permit class members to make an intelligent decision whether to opt out, given the uncertainties over what will happen with respect to claims against other defendants.[2]

  Summary judgment briefing soon will be complete. When I study the summary judgment papers, I will have a much more informed understanding of the strengths and weaknesses of the case and thereby a better basis upon

---

[1] The Manual on Complex Litigation recognizes that partial settlements, although not unusual, are difficult to evaluate and administer. Federal Judicial Center, <u>Manual for Complex Litigation</u> § 21.651 (2004).

[2] The settling parties at one point suggested moving forward with proceedings for "preliminary approval" of the settlements while deferring the class notice. There is no justification for such a proceeding while the notice is deferred. <u>See</u> Procedural Order, 236 F.R.D. 53, 55–56 (D. Me. June 16, 2006).

which to evaluate these two settlements. Moreover, the Court of Appeals has instructed me to reconsider certification of the litigating classes in light of the completion of discovery. That process, along with the summary judgment decisions, will inform my ability to decide whether the proposed settlement classes here are appropriate. The summary judgment decisions may also make class members' opt-out decisions more intelligible.

In the interim, I have stayed proceedings against Toyota and CADA; they are not prejudiced by my deferring the settlement approval process. The plaintiffs' lawyers recognize that there can be no distribution to class members at this time. Therefore, the class is not directly prejudiced by delay. I expect that the plaintiffs' lawyers would like the ability to request expenditure from the funds for administrative expenses. Since discovery is now complete, further administrative expenditures of any substance will not be incurred until trial (or notices to the class). Although the plaintiffs' lawyers undoubtedly would like to be reimbursed, that is not at this point a compelling reason to proceed with an interim approval process.

### *Subject Matter Jurisdiction*

The Court of Appeals has ruled that changing exchange rates have destroyed a case or controversy as to federal question antitrust jurisdiction. The parties agree that diversity jurisdiction is unavailable except with respect to the Nebraska case of Melangagio, which came here via the MDL Panel apparently as the only CAFA case in this litigation. See 28 U.S.C. § 1332(d). Continuing jurisdiction over the remaining state law claims must depend,

therefore, on supplemental jurisdiction. Id. § 1367(a), (c). According to the Court of Appeals:

> In weighing this option, the district court should consider "the totality of the attendant circumstances," including considerations of judicial economy, fairness to the parties, and the nature of the applicable state law.

In re New Motor Vehicles Canadian Export Antitrust Litig., ___ F.3d ___, 2008 WL 820922, at 8* (1st Cir. Mar. 28, 2008) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)).

At a conference of counsel on April 25, 2008, the parties agreed that I have the authority, in the proper exercise of discretion, to assert supplemental jurisdiction and that I should do so with respect to 15 of the remaining state law claims,[3] but the plaintiffs urged me to exercise discretion *not* to assert supplemental jurisdiction as to 5 states where parallel class actions are pending in state court, namely, Arizona, California, Minnesota, New Mexico and Wisconsin.[4] The defendants resisted the request and urged reasons of lawyer and judicial economy to proceed here in this federal court. They also pointed out that consideration of the Toyota and CADA settlements necessarily requires supplemental jurisdiction as to those 5 states.

I conclude that at this time the prudent course is to exercise supplemental jurisdiction over all the state law claims pending in this Court. I will have to examine the factual record and the expert opinions for the

---

[3] Arkansas, Idaho, Kansas, Maine, Massachusetts, Michigan, Mississippi, Nebraska, Nevada, New Hampshire, North Dakota, South Dakota, Tennessee, Vermont, and West Virginia. In regard to Nebraska, a pre-CAFA Nebraska case was pending here before the transfer of Melangagio.

[4] During the April 25, 2008 conference, counsel clarified that an action remains pending in Tennessee. The plaintiffs, however, have not requested that I decline to exercise supplemental jurisdiction over the Tennessee claims currently pending here.

summary judgment proceedings regardless. Thus, there is efficiency in using that record familiarity to resolve the summary judgment issues here as to all the states rather than require other judges to duplicate that effort. I will be applying state substantive law, so there should be no difference in outcome so far as the substantive law is concerned. At the conference, I expressed some concern that state procedural law (class action certification standards or expert opinion admissibility) might produce different outcomes from the rules that I will apply in this federal court (in a case that now has little federal interest), but at this point I have no basis to reach that conclusion of differential outcomes. Early in this litigation I analyzed the substantive state laws in the context of a motion to dismiss, see Amended Order on Defendants' Motion to Dismiss Certain Claims in Plaintiffs' Second Amended Complaint, 350 F. Supp. 2d 160 (D. Me. 2004), and I did not encounter any issues of complexity or ambiguity in those laws that would now caution against exercising supplemental jurisdiction, see Rodriguez, 57 F.3d at 1177.

Of course, it is always open to any state judge to go forward if he/she chooses to do so, rather than await the outcome of this federal action.

**SO ORDERED**.

**DATED THIS 29TH DAY OF APRIL, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**