**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ] <br>     CANADIAN EXPORT ANTITRUST ] <br>     LITIGATION ] | MDL DOCKET NO. 1532 |

**ORDER DISMISSING WITHOUT PREJUDICE**
**THE CALIFORNIA PLAINTIFFS' CLAIMS**

In this MDL case, the First Circuit vacated my damage class certifications for twenty separate state antitrust and consumer protection claims and remanded for reconsideration after all discovery was complete. In re Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d 6, 29-30 (1st Cir. 2008). Simultaneously, it also determined that the only remaining federal (Sherman Act) claim was moot. Id. at 13-16. In remanding the case, the court made clear that it was within my discretion whether to exercise continuing supplemental jurisdiction over the twenty state claims under 28 U.S.C. § 1367.[1] After remand the plaintiffs asked that I not assert supplemental jurisdiction as to only 5 states: Arizona, California, Minnesota, New Mexico and Wisconsin. See Procedural Order at 1 (Docket Item No. 826). At the defendants' urging, initially I concluded that it would further judicial economy and the parties' interests for me to resolve the case in its entirety because the lawyers and I had already invested so much time and

---

[1] The Court of Appeals for the First Circuit also thought there might be diversity jurisdiction, In re Motor Vehicles Canadian Export Antitrust Litigation, 522 F.3d at 16, but the parties agreed on remand that, with the exception of the Nebraska case of Melangagio, there was no diversity
*(continued next page)*

resources in the matter.[2]  See Further Procedural Order Following April 25, 2008 Conference of Counsel at 3 (Docket Item No 827).  Now, discovery is complete, the class certification motion has been refiled and rebriefed, and summary judgment motions have also been filed, fully briefed and argued.[3]

What is different now, however, is that after remand the plaintiffs' class counsel decided not to renew their request for certification of a California class in this federal court.  A parallel putative class action based on California law has long been pending in California Superior Court before Judge Richard A. Kramer.[4]  At the parties' urging, Judge Kramer and I had a series of telephone conferences over the years of this litigation, and approved a joint discovery and nondisclosure order for use in this federal MDL court as well as in the various state courts that had parallel lawsuits.  Joint Coordination Order (Docket Item No. 110).  For a long while, Judge Kramer deferred to the progress of this federal litigation.  Now, however, in light of the class certification difficulties the First Circuit created for them, the plaintiffs' California lawyers believe that they have a better case for class certification under California procedural rules, and are pressing forward

---

jurisdiction.  See Further Procedural Order Following April 25, 2008, Conference of Counsel at 2 (Docket Item No. 827).

[2] The transferred parties have stipulated that none of the actions is subject to remand to a transferor court under Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998) ("Lexecon") or 28 U.S.C. § 1407(a).  See Joint Stipulation Re Application of Lexecon to Pls.' Consol. Am. Compls. at 2 (Docket Item No. 207).

[3] Because of an oversight in my order scheduling the case for oral argument, the parties did not prepare for, and I did not hold, oral argument on the class certification motion.  Now, the parties have agreed that I should first decide the motions for summary judgment before ruling on class certification.  Tr. of March 6, 2009 Hr'g at 67, 166-67, 172-73.

[4] The plaintiffs assert that they have pleaded a price-fixing claim in the California case, but the
*(continued next page)*

2

with their case there.  As is his right (and after collegially consulting with me), Judge Kramer has stated that he intends to hear their claims rather than await the final resolution of this MDL litigation.  The parties told me that a hearing is scheduled for April 21st before Judge Kramer on the motion for class certification in California state court.  Tr. of March 6, 2009 Hr'g at 29, 163 (Docket Item No. 999).

Concurrently, the two named California plaintiffs here, Lindsay Medigovich and Parry Sadoff, have moved to dismiss, without prejudice, their claims in this MDL lawsuit.  Mot. for Voluntary Dismissal Without Prejudice (Docket Item No. 912).  The defendants vigorously object.  Defs.' Opp'n to Pls. Medigovich and Sadoff's Mot. for Voluntary Dismissal (Docket Item No. 947).  Nevertheless, I determine that it is appropriate to **GRANT** the motion.

It is true that the Rules require judicial approval for the plaintiffs' voluntary dismissal at this stage of a proceeding, Fed. R. Civ. P. 41(a)(2), and that there is reason for caution when a plaintiff tries to vacate his or her selected forum after suffering a significant setback as the plaintiffs did here in the First Circuit decision.  A primary concern is that the defendants may thereby be deprived of realizing finally their hard-earned victory and have to start from the beginning in a different forum.

---

defendants disagree.  See Tr. of June 10, 2008 Proceedings in California case at 24 and 28-29 (Docket Item No. 861-2).

3

The reasons I conclude that I should nevertheless grant the plaintiffs' motion here are three. First, any judgment in the defendants' favor in this court on the California state law claims will not have collateral estoppel in the California lawsuit as to anyone other than these two individual plaintiffs. The defendants' exposure as to these two plaintiffs is exceedingly modest, much less than $1,000 for Ms. Medigovich's purchase of a 2001 Honda Civic and Mr. Sadoff's lease of a Nissan Infiniti Q45. See Professor Hall's Response to Defs.' Rebuttal Reports Feb. 3, 2008 at 5 (Docket Item No. 894-17) ("The average overcharge was approximately $94 per vehicle, or about one half of one percent of the average transaction price in the U.S. The overcharge at this rate amounts to $60 per vehicle for a $15,000 vehicle and $160 for a $40,000 vehicle.") A judgment here will have no binding effect on the question whether to certify a class in California state court[5] and no effect on summary judgment there as to other California indirect purchasers. Second, there is no substantial duplication of resources in letting the claims be resolved in California state court rather than here. The discovery accomplished here is equally usable in California because of the Joint Coordination Order. The briefing on California law filed here can easily be filed in California. The only detrimental consequence to the defendants in granting the

---

[5] The ALI Principles of the Law of Aggregate Litigation § 2.11 (Proposed Final Draft, April 1, 2009) do state: "A judicial decision to deny aggregate treatment for a common issue or for related claims by way of a class action should raise a rebuttable presumption against the same aggregate treatment in other courts as a matter of comity." The ALI Principles note that this is particularly problematic "when the challenged conduct is both nationwide in scope and gives rise to causes of action under state law." ALI Principles of the Law of Aggregate Litigation § 2.11(a). Here, however, there has been no final decision on whether a class is certifiable; the First Circuit left that question
*(continued next page)*

plaintiffs' motion here would be to allow these two plaintiffs to participate in the class relief, if any, in California.

In fact, the only advantage I can perceive to the defendants in insisting that these two California plaintiffs proceed to judgment in the District of Maine is the defendants' hope that a decision here in the defendants' favor will have some sort of persuasive effect on the California judge.[6] I do not believe that such a hope is an adequate reason for insisting on proceeding with the case here, and it leads me to the third reason I determine to grant the plaintiffs' motion.

Section 1367(c)(1) states explicitly that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim raises a novel or complex issue of [s]tate law." 28 U.S.C. § 1367(c)(1). That is the case here. In re Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d at 26 (stating that theory of injury in this case is novel or complex). Initially I ruled that, unlike some other states, California law allows a presumption of antitrust injury to an indirect purchaser once the plaintiff proves the antitrust conspiracy. In re New Motor Vehicles Canadian Export Antitrust Litig., 235 F.R.D. 127, 135 (D. Me. 2006). That is a critical element in this indirect purchaser case. But there is no California Supreme Court decision on point, only a variety of intermediate appellate decisions.[7] The defendants argued to the First Circuit that I was wrong

---

open.
[6] Judge Kramer will, of course, be free to look at my summary judgment analysis as to the 19 remaining state law claims.
[7] In re Cipro Cases I & II, 17 Cal. Rptr. 3d 1, 8-10 (Cal. Ct. App. 2004); Global Minerals & Metals
*(continued next page)*

5

in my interpretation of California law, but the First Circuit found it unnecessary to decide the issue.  In re Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d at 26.  On remand, the defendants have argued that a more recent California appellate court decision, Shuster v. Cal. Auto Dlrs. Ex., No. G0035803, 2007 WL 763165 (Cal. App. 4th Mar. 13, 2007), confirms their position.[8]  The plaintiffs disagree, and also cite an earlier decision by Judge Kramer in the California Superior Court, Hopkins v. De Beers Centenary AG, No. CGC-04-432954, 2005 WL 1020868 (Cal. Sup. Ct. Apr. 15, 2005).  How to prove antitrust causation or injury in this indirect purchaser case is central to decisions on both class certification and liability.  I conclude that it makes most sense to have that issue decided in California where it can be appealed to the California Supreme Court for a final and definitive resolution.  My decision on the issue here is likely to contribute to confusion over the status of California law on the subject, and an appeal to the First Circuit cannot provide the definitive resolution that the California Supreme Court can.

Consequently, considering the developments that have occurred in the case, I revisit my initial willingness to proceed here in federal court in Maine on the California claims based solely upon supplemental jurisdiction.  Instead, I now

---

Corp. v. Superior Ct., 7 Cal. Rptr. 3d 28, 42-46 (Cal. Ct. App. 2003); B.W.I. Custom Kitchen v. Owens-Illinois, Inc., 235 Cal. Rptr. 228, 234 (Cal. Ct. App. 1987); Rosack v. Volvo Am. Corp., 182 Cal. Rptr. 800, 807 (Cal. Ct. App. 1982).

[8] The defendants argue that the California decisions supporting the presumption of antitrust injury are limited to price-fixing conspiracies, and that the alleged conspiracy here is not price-fixing, but restriction of supply.  See also supra note 4.

**GRANT** the motion of the plaintiffs Medigovich and Parry to dismiss their California state law claims without prejudice.

**SO ORDERED.**

**DATED THIS 2ND DAY OF APRIL, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**