UNITED STATE DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ] | |
|     CANADIAN EXPORT ANTITRUST ] | MDL DOCKET NO. 1532 |
|     LITIGATION ] | |

**ORDER DENYING DEFENDANTS' REQUEST
FOR ATTACHMENT OF SETTLEMENT FUNDS**

This motion presents the question whether, as a means of securing payment of their taxable costs, winning defendants can attach settlement funds paid by other defendants and currently being held in escrow pending court approval of a settlement class and a plan of distribution. I find no authority for doing so, and **DENY** the motion for security through an attachment of pending settlement funds.

During the course of this multidistrict antitrust lawsuit, two defendants settled. Those settlement proceeds, with interest, now exceed $37 million. Other defendants won summary judgment against the plaintiffs after the court of appeals vacated my class certification orders. Those defendants have filed bills of costs totaling $496,390.84. They have obtained from the Clerk of Courts an Order requiring each non-resident named plaintiff to furnish security in the amount of $500 as provided by Local Rule 54.1. Order on Mot. for Security for Costs (Docket Item 1077). The defendants assert that will give them $16,500 of security. Certain Defs.' Mot. for Security for Costs at 3 n.1 (Docket Item 1055). Those defendants now have filed a motion requesting additional security for their litigation costs, namely, an equitable attachment

on a portion of the settlement proceeds in the amount of $496,390.84.  Id. at 6-7.  The plaintiffs object.  Opp'n to Certain Defs.' Mot. for Security for Costs at 5-6 (Docket Item 1066).

Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party."  Beyond the Clerk's Order for security of $500 per non-resident named plaintiff, Local Rule 54.1 provides that "[u]pon motion and for good cause shown, the Court may . . . direct that additional or other security be furnished."  Local Rule 54.1.  Here, the defendants seek that additional security in the form of an attachment. Federal Rule of Civil Procedure 64(a) provides that "throughout an action, every remedy is available that, under the law of the state where the court is located, provides  for seizing . . . property to secure satisfaction of the potential judgment" and lists "attachment" in subsection (b) as one of the available remedies. Consistent with the federal rule, this District's local rule on attachment provides that "[a] party to a civil action . . . may move for approval of attachment of property . . . within the District of Maine in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine."  Local Rule 64.  Therefore, I turn to Maine law. The Maine Rules of Civil Procedure state that "[i]n any action under these rules, real estates, goods and chattels and other property may . . . be attached and held to satisfy the judgment for damages and costs which the *plaintiff* may recover."  Me. R. Civ. P. 4A (emphasis added).  This state provision does not authorize attachment of

2

property to secure the *defendants'* costs when the defendants win.[1] Neither the federal nor the state statute on the taxation of costs provides otherwise. See 28 U.S.C. § 1920;  14 M.R.S.A. § 1501.  There is therefore no authority for providing the attachment the defendants request.

Moreover, allowing the attachment that the defendants request would be a declaration that these defendants' costs can be assessed against those who are not plaintiffs and have not been part of the lawsuit but ultimately may be entitled to share in a distribution of settlement funds if I approve the settlements and certify a settlement class.[2]  The defendants have not provided authority for why those consumers, if they are entitled to a portion of the settlement proceeds from the two defendants who settled, might be responsible directly to these defendants for these defendants' costs in defeating the named plaintiffs.[3]  The defendants say that their request is "equitable" because the plaintiffs' lawyers are seeking fees and expenses out of the settlement fund. Certain Defs.' Mot. for Security for Costs at 6-7.  But I have not yet approved any such payment, and the plaintiffs' lawyers have not requested an

---

[1] Maine's garnishment rule (known as trustee process) is similar. Me. R. Civ. P. 4B.  Both rules allow relief on counterclaims, cross-claims and third-party complaints, but make no reference to attachment or trustee process to secure recovery of defendants' costs when defendants prevail on claims asserted *against* defendants.

[2] The defendants' intent on this score is somewhat ambiguous, because they speak of the difficulty "in obtaining security from the over thirty non-resident individual plaintiffs in this action," Certain Defs.' Mot. for Security for Costs at 1, and of pursuing "thirty-three individual non-resident plaintiffs in addition to the one individual plaintiff who is a resident of Maine." Id. at 5;  Certain Defendants' Reply in Support of Motion for Security for Costs at 1.  Nevertheless, that would certainly be the consequence of their request, because the named plaintiffs' share of any ultimate distribution will be a minuscule proportion of the $496,390.84 requested in costs.  (The defendants' request is not limited to an attachment of the named plaintiffs' pro rata share of any distribution.)  Other portions of their motion suggest that the defendants do realize that they are seeking costs against unnamed plaintiffs, because they talk about its "trivial impact on the recovery by individual members of the proposed settlement class, who are expected to obtain individual recoveries, if any, in relatively *de minimis* amounts."  Certain Defs.' Mot. for Security for Costs at 6 & n.4.

[3] To be sure, if the named plaintiffs end up paying the defendants' costs, principles of unjust enrichment might enable those who pay to spread that burden pro rata over the class that benefits from the settlement, just as they would spread the attorney fees.  That question is not yet before me.

"attachment" of the settlement funds.  It is sometimes said that the presiding judge has a fiduciary responsibility to the class at the time of settlement.  <u>See, e.g.</u>, <u>Reynolds v. Beneficial Nat'l Bank</u>, 288 F.3d 277, 279-80 (7th Cir.2002).  I conclude that permitting the requested attachment under these circumstances would be inconsistent with that fiduciary responsibility to the inchoate class.

Accordingly, the defendants' request to attach a portion of the settlement fund is **DENIED**.

**SO ORDERED.**

**DATED THIS 14TH DAY OF JANUARY, 2010**

                                                    /s/ D. BROCK HORNBY  
                                                    **D. BROCK HORNBY**  
                                                    **UNITED STATES DISTRICT JUDGE**