UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ]<br>    CANADIAN EXPORT ANTITRUST ]<br>    LITIGATION ] | MDL DOCKET NO. 1532 |

PROCEDURAL ORDER

ISSUES TO BE ADDRESSED AT ORAL ARGUMENT ON MARCH 9, 2010

The following are issues that currently are on my mind. I may have additional questions at argument, and the lawyers are free to raise issues that I have not listed.

**I.   Settlement Class Certification**

1. Can I certify the proposed 23(b)(2) injunctive settlement class when, after the settlement agreements were signed, the First Circuit dismissed any injunctive relief claim as moot and found "lack of a live controversy" and "no jurisdiction under the Clayton Act"? <u>Brown v. Am. Honda (In re New Motor Vehicles Canadian Exp. Antitrust Litig.)</u>, 522 F.3d 6, 9 (1st Cir. 2008). Given law of the case doctrine, am I permitted on remand to take notice of what the plaintiffs say is a factual change regarding the U.S./Canada exchange rate ratio that occurred after the settlement agreements and after the First Circuit decision? See <u>Negron-Almeda v. Santiago</u>, 579 F.3d 45, 50 (1st Cir. 2009) ("[T]he 'mandate rule[]' 'prevents relitigation in the trial court of matters that were

explicitly or implicitly decided by an earlier appellate decision in the same case.'" (citation omitted)). What is the consequence of the First Circuit's criticism that "[n]owhere . . . does the complaint make any allegation regarding a named plaintiff's intention to buy or lease another new vehicle within such a time frame as could be deemed imminent"? Brown, 522 F.3d at 15.

2. Can I certify the proposed 23(b)(3) damages settlement class of "[a]ll persons . . . who purchased or leased a new motor vehicle manufactured by any Defendant from a United States dealer in the United States during the period from January 1, 2001 to December 31, 2006," when

    a. the plaintiffs conceded on October 16, 2006, that they cannot prove damages after April 30, 2003, see Pls.' Mot. to Certify Class of Non-Exemplar States at 47 (Docket Item 418), and

    b. before the settlement agreements were signed,

        i. I had already concluded that there is no federal cause of action for damages to consumers, see In re New Motor Vehicles Canadian Exp. Antitrust Litig., 307 F. Supp. 2d 136 (D. Me. 2004);

        ii. I had already concluded that there is no independent restitution claim in any state, In re New Motor Vehicles Canadian Exp. Antitrust Litig., 350 F. Supp. 2d 160, 214 (D. Me. 2004);

2

    iii.    I had already concluded that only 16 states and the District of Columbia allow a state antitrust claim for damages, <u>id</u>. at 168;

    iv.    I had already concluded that only 14 states and the District of Columbia allow a consumer protection claim for damages, <u>id</u>.;

    v.    As a result I had ruled that there were only 23 states plus the District of Columbia that recognized any sort of damages claim;

    vi.    By making state law antitrust claims for only 15 states and consumer protection claims for only 14 states in their Fourth Amended Complaint (Docket Item 261) (down from antitrust claims in seventeen states and D.C. and consumer claims in 39 states and D.C. in the Second Amended Complaint (Docket Item 109)), the plaintiffs had already conceded they lacked the basis for a nationwide damages class?

3. Can the plaintiffs satisfy the predominance requirement for certifying a 23(b)(3) class given my grant of summary judgment on the basis that impact could not be established by common proof under "Step Two" of the First Circuit analysis? Is Professor Hall's October 1, 2008, Declaration necessary for that determination? As for "Step One," is it sufficient that I found on summary judgment that the plaintiffs had enough to get to a jury, or do I actually have

3

to make a finding by a preponderance of the evidence? See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008); Brown, 522 F.3d at 26.

4. Can typicality and adequate representation be satisfied for the proposed 23(b)(3) damage class given the fact that many states allow no consumer damage recovery and, in addition, the allocation plan of the proposed settlement agreement proposes that members of the class who purchased in certain time periods or in certain states will receive no recovery at all?

## II. Notice

1. What position do the plaintiffs take on CAFA notice in connection with the Nebraska claims? If they propose to give it, is it timely now? If not, what is the significance?

2. Given the projected cost of the notice that the plaintiffs propose ($1.76 million) and the likely de minimis payment to individual class members, is there any less costly alternative that will result in more money being available for class members, yet satisfy Rule 23(c)(2)(B)'s requirement of "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort"? See, e.g., Principles of the Law of Aggregate Litig. § 3.04(b) & notes on notice, Proposed Final Draft (Am. Law Inst. 2009).

4

    3.    Are there any remaining issues deriving from the nonsettling defendants' comments?

    4.    Is the notice to California class members sufficient for them to understand the consequences for them in the California lawsuit if they decide to make a claim under these federal settlements?

## III. Administration

    1.    Given the projected cost of administering the settlement (up to $6.9 million, including notice), is there any fair but less costly alternative that will result in more money going to class members and less money to third parties?

    2.    What amount would be saved if there were no stratification within the class (i.e., equal amount per vehicle inside the 20 states and the time period); would lack of stratification be fair under the circumstances?  (This obviously involves Allocation as well.)

    3.    How likely is it that consumers will be able to answer the question in their claim form about vehicle cost, as defined, and other required information for purchases that occurred seven to nine years ago?

## IV. Allocation

    1.    Is the DeBeers case pending in the Third Circuit on all fours with the issues at this stage in this case, see Sullivan v. DB Invs., Inc., 2008 U.S. Dist. LEXIS 81146 (D.N.J. May 22, 2008)?

    2.    Is there any basis for limiting cash recovery to Toyota purchasers, which is perhaps the initial reaction of a man-on-the-street?

3. Are fleet purchasers, suggested to be around one-third of the cash recovery, eligible to recover under consumer protection laws? Other business purchasers? If not, what should be the effect? Why are fleet purchasers given a separate procedure?

4. Realistically, are there any likely recipient candidates for cy pres distribution under the relevant standards?

**SO ORDERED.**

**DATED THIS 18TH DAY OF FEBRUARY, 2010**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**