UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE  NEW MOTOR VEHICLES      ]<br>　　CANADIAN EXPORT ANTITRUST  ]<br>　　LITIGATION                                   ] | MDL DOCKET NO. 1532 |

**ORDER ON COSTS**

The Clerk has taxed costs against the plaintiffs in the amount of $261,974.60.  Order on Bill of Costs ($88,541.93) (Docket Item 1088); Order on Bill of Costs ($76,533.86) (Docket Item 1089); Order on Bill of Costs ($96,898.81) (Docket Item 1090).  The plaintiffs seek review under Federal Rule of Civil Procedure 54(d)(1).  Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action.").

According to Rule 54, costs "should be allowed to the prevailing party." Id.  The First Circuit has made clear that "[t]here is a background presumption favoring cost recovery for prevailing parties" and that if a court denies costs (as the plaintiffs request here), it "must offer an explanation for doing so" unless the reason is obvious.  B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008) (citation omitted).  The First Circuit has also said that when a case "presented a close question that required considered balancing," that factor justifies a denial of costs.  Id.  I find that to be the situation in this case.  Although these defendants prevailed ultimately, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through

and organize relevant evidence, and by the difficult of discerning the law of the case." <u>White & White, Inc. v. American Hospital Supply Corp.</u>, 786 F.2d 728, 732-33 (6th Cir. 1986).

This was a difficult antitrust case. The class action questions were exceedingly difficult, as recognized by me and the Court of Appeals. I found enough evidence to deny summary judgment as to the conspiracy charge, but ultimately found not enough to prove causation by the method of proof the plaintiffs chose in seeking to preserve their claim for class treatment. As <u>White & White</u> recognized, "we do not belittle the difficult process a trial court oversees in distilling complex antitrust allegations to their legal and factual essence for review by an appellate court." <u>Id</u>. at 733.

For those reasons, I conclude that the parties should bear their own costs and **VACATE** the Clerk's taxation of costs.

**SO ORDERED.**

**DATED THIS 16TH DAY OF APRIL, 2010**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**