UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ]<br>    CANADIAN EXPORT ANTITRUST ]<br>    LITIGATION ] | MDL DOCKET NO. 1532 |

ORDER CERTIFYING SETTLEMENT CLASSES FOR THE PURPOSE OF
DISSEMINATING NOTICE

Upon consideration of :

- Plaintiffs' Application for Certification of Settlement Classes for the Purpose of Disseminating Notice, Approval of Notice and Selection of Notice Administrator, and Setting of Final Approval Hearing Date for Proposed Settlements with Defendants Toyota Motor Sales, U.S.A., Inc., and Canadian Automobile Dealers' Association (Sept. 30, 2009) (Docket Item 1042);

- Declaration of Joseph J. Tabacco, Jr., in Support of Plaintiffs' Application for Certification of Settlement Classes for the Purpose of Disseminating Notice, Approval of Notice and Selection of Notice Administrator, and Setting of Final Approval Hearing Date for Proposed Settlements with Defendants Toyota Motor Sales, U.S.A., Inc., and Canadian Automobile Dealers' Association (Sept. 30, 2009) (Docket Item 1043), and exhibits attached thereto;

- Declaration of Dennis Gilardi Re: Settlement Administration (Sept. 30, 2009) (Docket Item 1042-2), and exhibits thereto;

- Declaration of Dennis Gilardi Re: Design and Effectiveness of Notice Plan (Sept. 30, 2009) (Docket Item 1042-1);

- Declaration of Robert E. Hall, Ph.D., Regarding Certification of Settlement Classes (Oct. 1, 2009) (Docket Item 1047);

- Further Supplement to Plaintiffs' Application for Certification of Settlement Classes for the Purpose of Disseminating Notice, Approval of Notice and Selection of Notice Administrator, and Setting of Final Approval Hearing Date for Proposed Settlements with Defendants

- Toyota Motor Sales, U.S.A., Inc., and Canadian Automobile Dealers' Association (June 25, 2010) (Docket Item 1108);

- Supplemental Declaration of Joseph J. Tabacco, Jr., in Support of Further Supplement to Plaintiffs' Application for Certification of Settlement Classes for the Purpose of Disseminating Notice, Approval of Notice and Selection of Notice Administrator, and Setting of Final Approval Hearing Date for Proposed Settlements with Defendants Toyota Motor Sales, U.S.A., Inc., and Canadian Automobile Dealers' Association (June 25, 2010) (Docket Item 1108-1);

- Supplemental Declaration of Matthew D. Pearson in Further Support of Plaintiffs' Application for Certification of Settlement Classes for the Purpose of Disseminating Notice, Approval of Notice and Selection of Notice Administrator, and Setting of Final Approval Hearing Date for Proposed Settlements with Defendants Toyota Motor Sales, U.S.A., Inc., and Canadian Automobile Dealers' Association (June 25, 2010) (Docket Item 1110), and exhibits thereto;

- Supplemental Declaration of Dennis Gilardi Re: Settlement Administration (June 25, 2010) (Docket Item 1108-4), and exhibits thereto;

- Supplemental Declaration of Dennis Gilardi Re: Design and Effectiveness of Notice Plan (June 25, 2010) (Docket Item 1108-3); and

- The presentations made at the hearing of May 27, 2010 concerning the Procedural Order of February 18, 2010 (Hearing Transcript at Docket Item 1107) and the telephone conference held September 27, 2010 (Docket Item 1119);

and for the reasons articulated in the Court's Memorandum Order and Decision on Plaintiffs' Application for Certification of the Settlement Classes dated August 17, 2010 (Docket Item 1115), which is incorporated herein,

**IT IS HEREBY ORDERED**:

1.      The plaintiffs' application for certification of the nationwide Toyota and CADA Settlement Classes (Docket Item 1042) is **GRANTED** as to the Rule 23(b)(3)[1] settlement classes.

**Definition of Settlement Classes**

2.      The Toyota Settlement Class is hereby **CERTIFIED** pursuant to Rule 23(b)(3) for the purpose of disseminating notice.  The Toyota Settlement Class consists of:

> All persons (excluding government entities, the Courts in the Litigated Actions, Defendants, their parents, subsidiaries, and affiliates, and their alleged co-conspirators) who purchased or leased a new motor vehicle manufactured by any Defendant from a United States Dealer in the United States during the period from January 1, 2001 to December 31, 2006.

3.      The CADA Settlement Class is hereby **CERTIFIED** pursuant to Rule 23(b)(3) for the purpose of disseminating notice.  The CADA Settlement Class consists of:

> All persons (excluding government entities, the Courts in the Litigated Actions, Defendants, their parents, subsidiaries, and affiliates, and their alleged co-conspirators) who purchased or leased a new motor vehicle manufactured by any Defendant from a United States Dealer in the United States during the period from January 1, 2001 to December 31, 2006.

The Toyota Settlement Class and the CADA Settlement Class will be referred to herein together as "the Classes," and the period January 1, 2001 to December 31, 2006 will be referred to as the "Class Period."

---

[1] All references to rules are to the Federal Rules of Civil Procedure, unless otherwise indicated.

**Claims, Issues or Defenses Certified for Treatment on Class Basis**

4. I hereby certify for treatment and resolution on a class basis plaintiffs' claim under Section 4 of the Clayton Act, 15 U.S.C. § 15, for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. I also hereby certify for treatment and resolution on a class basis the following issues or defenses that are each applicable to plaintiffs' Clayton Act claim:

(a) Whether the defendants, and each of them, entered into and engaged in a combination and conspiracy to elevate or maintain at artificially high levels U.S. new vehicle prices by restraining a lower-priced channel of distribution of Canadian exported vehicles into the United States;

(b) The identity of each of the participants in the alleged conspiracy;

(c) The duration of the alleged conspiracy and the nature and character of the defendants' acts performed in furtherance of it;

(d) The effect of the alleged conspiracy on the listed and effective dealer invoice prices and listed and effective MSRPs of new vehicles sold in the United States during the Class Period;

(e) Whether there were arbitrage opportunities incentivizing Canada-to-U.S. new vehicle exports during the Class Period;

(f) Whether defendants would have employed export restraints during the Class Period in the absence of the alleged conspiracy;

(g) Whether the alleged conspiracy violated the Sherman Act § 1;

(h) Whether the actions in violation of the Sherman Act caused injury to members of the Classes;

(i) Whether class members have a right to recover damages under the Clayton Act for violation of the Sherman Act § 1;

4

(j)     The amount of damages to be recovered by each class member and the method for distributing damages; and

(k)     Whether the affirmative defenses asserted by the defendants in their answers to the Fourth and Fifth Amended Complaints are valid. See American Honda Motor Co., Inc.'s Answer to Fourth Amended Consolidated Class Action Complaint at 16-18 (Docket Item 278) and Answer to Fifth Amended Consolidated Class Action Complaint at 19-21 (Docket Item 454); Honda Canada Inc.'s Answer to Fourth Amended Consolidated Class Action Complaint at 16-18 (Docket Item 279) and Answer to Fifth Amended Consolidated Class Action Complaint at 19-21 (Docket Item 453); Defendant Canadian Automobile Dealers' Association's Answer to Plaintiffs' Fourth Amended Complaint at 39-40 (Docket Item 289); Defendants DaimlerChrysler Corporation and DaimlerChrysler Motors Co., LLC's Answer to Plaintiffs' Fourth Amended Consolidated Class Action Complaint at 45-48 (Docket Item 284) and Answer to Plaintiffs' Fifth Amended Consolidated Class Action Complaint at 48-51 (Docket Item 455); Defendant DaimlerChrysler Canada Inc.'s Answer to Plaintiffs' Fourth Amended Consolidated Class Action Complaint at 47-50 (Docket Item 285) and Answer to Plaintiffs' Fifth Amended Consolidated Class Action Complaint at 50-53 (Docket Item 456); Answer of Ford Motor Company and Ford Motor Company of Canada, Ltd. to the Fourth Amended Consolidated Class Action Complaint at 13 (Docket Item 281) and Answer to Fifth Amended Consolidated Class Action Complaint at 15-16 (Docket Item 458); Defendants General Motors Corporation and General Motors of Canada, Ltd.'s Answer to Plaintiffs' Fourth Amended Consolidated Class Action Complaint at 39-41 (Docket Item 288) and Answer to Plaintiffs' Fifth Amended Consolidated Class Action Complaint at 40-41 (Docket Item 452); Answer of Defendant Nissan North America, Inc. to Plaintiffs' Fourth Amended Consolidated Class Action Complaint at 25-30 (Docket Item 280) and Answer to Plaintiffs' Fifth Amended Consolidated Class Action Complaint at 25-31 (Docket Item 459); Toyota Motor Sales, U.S.A., Inc.'s Answer to Plaintiffs' Fourth Amended Consolidated Class Action Complaint at 25-29 (Docket Item 283).

**Rule 23(a) Requirements Satisfied**

5.      I have conducted a rigorous analysis of the class certification record and a "searching inquiry into the viability" of plaintiffs' rationale for class certification and "the existence of the facts necessary for the [rationale] to succeed," pursuant to In re New Motor Vehicles Canadian Export Antitrust Litigation, 522 F.3d 6, 26 (1st Cir. 2008).  Accordingly, I find that plaintiffs have demonstrated, for settlement purposes, that Rule 23(a)'s requirements of numerosity, commonality, typicality and adequacy of representation and Rule 23(b)(3)'s requirements of predominance and superiority have been satisfied with respect to the above defined Classes, as more specifically set forth below.

6.      I have previously found that the numerosity requirement of Rule 23(a)(1) for various individual state damages classes was satisfied.  See In re New Motor Vehicles Canadian Exp. Antitrust Litig., 235 F.R.D. 127, 130 (D. Me. 2006).  Plaintiffs estimate that the nationwide Classes consist of tens of millions of car purchasers.  See Gilardi Supp. Notice Decl. ¶¶ 18-19 (Docket Item 1108-3).  I find that plaintiffs have demonstrated that the Classes are so numerous that joinder of all members is impracticable and, therefore, that the numerosity criterion of Rule 23(a)(1) is satisfied for purposes of the proposed nationwide settlement Classes.

7.      I find that there are questions of law or fact common to the Classes, which include each of the issues or defenses listed in paragraph 4 above.  Each of these questions of law or fact are subject to proof common to

the Classes. I therefore find the Classes satisfy the commonality requirement of Rule 23(a)(2).

8.  Pursuant to Rule 23(a)(3), I find that the claims of the proposed class representatives are typical of the claims or defenses of the Classes in that all of the proposed class representatives bought or leased new cars at prices that were allegedly higher than they should have been because the defendants allegedly illegally conspired to keep lower priced Canadian cars out of the U.S. market.

9.  Pursuant to Rule 23(a)(4), I find that the proposed class representatives will fairly and adequately protect the interests of the Classes. The counsel for the proposed class representatives are highly qualified, and the proposed class representatives and their counsel have fairly, adequately and diligently represented the members of the Classes throughout the litigation.

10. Accordingly, I hereby appoint the following named plaintiffs as representatives of the Classes:

Cathy-Ann Accomando
Alison Arrington
Dennis Aylward
Katherine Barrett Riley
Arlyne Berke
Larry Kindberg
Henry Kornegay
Barry Kushner
Susan LaCava
Kenneth J. Martinez
Randal Peterson
Alan Schlesinger
Edith Thayer

**Rule 23(b)(3) Requirements Satisfied**

11.     Pursuant to Rule 23(b)(3), I find that the questions of law or fact common to class members listed in paragraph 4 above—which include, among others, the existence of a conspiracy, the existence of favorable arbitrage opportunities, the effect on competition and pricing, the effect of legal vertical restraints and the recoverability of federal damages—predominate over any questions affecting only individual class members.  I also find that: (a) class members have no interests in individually controlling the prosecution of separate actions in this case because the small value of individual claims makes it economically pointless; (b) this is an MDL consolidated lawsuit of all federal proceedings, and any parallel state proceedings have been stayed pending the outcome of this proceeding (California is now moving forward, following my Order Dismissing Without Prejudice the California Plaintiffs' Claims (Docket Item 1003)); (c) it is desirable to concentrate the litigation here, as assigned by the MDL Panel, and as reflected in the consolidated amended complaint; and (d) the likely difficulties in managing the class action are minimal, given the previous summary judgment rulings and these two settlements.  See Mem. Order and Decision at 21 n. 83; see also Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 298 (1st Cir. 2000) (difficulties in managing a class action are pertinent to predominance inquiry and need not be pursued if there is a settlement); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class

certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.") (citation omitted).

12. I further find that the proposed Classes as defined are neither unwarranted nor overbroad, and there is "sufficient unity" in the proposed nationwide Classes to justify binding absent class members who do not opt out. See Mem. Order and Decision at 26-27 (discussing Amchem, 521 U.S. at 620-21).

13. Pursuant to Rule 23(b)(3), I also find that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Individual damages are too small to justify an individual lawsuit, and only a class action can or will lead to adjudication of plaintiffs' claims. See Mem. Order and Decision at 22.

**Appointment of Class Counsel (Rule 23(g))**

14. I have previously appointed class counsel pursuant to Rule 23(g) and I incorporate by reference the reasons I gave at the time of those appointments in this order. Order Certifying Class Action and Appointing Class Counsel (Docket Item 638); Memorandum Order in Support of Class Certification Order (Docket Item 637). In addition, I find Plaintiffs' class counsel, Joseph J. Tabacco, Jr. and Todd A. Seaver of Berman DeValerio, Michael M. Buchman of Pomerantz Haudek Grossman & Gross LLP, Richard W. Cohen of Lowey Dannenberg Cohen & Hart, P.C., Samuel D. Heins and

David Woodward of Heins Mills & Olson, PLC, Patrick Cafferty and Jennifer Winter Sprengel of Cafferty Faucher LLP, Bernard Persky and Hollis L. Salzman of Labaton Sucharow LLP, and Robert J. Larocca and William E. Hoese of Kohn Swift & Graf, P.C., have pursued this action since its early stages and throughout the proceedings they investigated potential claims.  The record shows that they have extensive experience in class action lawsuits and that they are well versed in the laws pertaining to antitrust actions.  Similarly, as evidenced by counsels' filings, the Court is aware that class counsel has committed extensive resources to prosecuting this case.  Given this showing, I find that class counsel will satisfy the requirements of Rule 23(g) and I conclude that class counsel will fairly and adequately represent the interests of the class.  Accordingly, I appoint Joseph J. Tabacco, Jr. and Todd A. Seaver of Berman DeValerio, Michael M. Buchman of Pomerantz Haudek Grossman & Gross LLP, Richard W. Cohen of Lowey Dannenberg Cohen & Hart, P.C., Samuel D. Heins and David Woodward of Heins Mills & Olson, PLC, Patrick Cafferty and Jennifer Winter Sprengel of Cafferty Faucher LLP, Bernard Persky and Hollis L. Salzman of Labaton Sucharow LLP, and Robert J. Larocca and William E. Hoese of Kohn Swift & Graf, P.C., as class counsel.

**Notice to the Classes**

15.    I hereby approve the Notice Plan set forth in the Supplemental Declaration of Dennis Gilardi Re: Design and Effectiveness of Notice Plan (June 25, 2010) (Docket Item 1108-3), and I appoint Gilardi & Co. LLC ("Gilardi") as

notice and claims administrator for the Classes.  The Notice Plan satisfies Rule 23(c)(2)(B) and due process standards by providing the best notice that is practicable under the circumstances.

16.  I find that the proposed forms of notice clearly and concisely state in plain, easily understood language (i) the nature of the action; (ii) the definition of the Classes certified; (iii) the class claims and issues; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Classes any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).  The long-form Settlement Notice, short-form Summary Notice and Postcard Notice, thus, satisfy the requirements of Rule 23(c)(2)(B) and are hereby approved.

17.  I order Gilardi to disseminate notice to the Classes, pursuant to the Notice Plan, such that the Postcard Notice is mailed to fleet purchasers during the period October 15, 2010 to November 16, 2010, and publication of the Summary Notice begins no later than October 31, 2010.

**Objections, Exclusions and Final Approval**

18.  Plaintiffs are to file their motion for final approval of the settlements and their application for an award of attorneys' fees and costs no later than January 7, 2011.  Plaintiffs may file a reply in support of their motion for final approval and application for an award of attorneys' fees and costs, with responses to objections, if any, no later than February 7, 2011.

19. Class members may object to the settlements and/or plaintiffs' application for an award of attorneys' fees and costs, in writing, in the manner described in the long-form Settlement Notice. Any objections must be postmarked no later than January 28, 2011.

20. Class members may exclude themselves from the Classes in the manner described in the long-form Settlement Notice. Written requests for exclusion must be postmarked no later than January 28, 2011. Requests for exclusion that are submitted online will not be valid until a paper signature page is mailed by first class mail, postmarked no later than January 28, 2011, to the address indicated in the Settlement Notice.

21. The hearing on plaintiffs' motion for final approval of the settlements and plaintiffs' application for an award of attorneys' fees and costs will be held before this Court on February 18, 2011, at 10:00 a.m.

22. All claims made online must be submitted no later than February 1, 2011, at 11:59 p.m. Eastern Standard Time. All claims made by paper claim form must be sent by first-class mail and postmarked no later than February 1, 2011.

**SO ORDERED.**

**DATED THIS 4th DAY OF OCTOBER, 2010**

>  /s/ D. Brock Hornby
> **D. BROCK HORNBY**
> **UNITED STATES DISTRICT JUDGE**