The Honorable D. Brock Hornby

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| *In re:* <br><br> *New Motor Vehicles Canadian Export Antitrust Litigation* | MDL Docket No. 03-1532 <br><br> **CLASS ACTION** <br><br> **ATTORNEY FEE REQUEST FOR OBJECTOR THEODORE H. FRANK** |

Daniel Greenberg
(AR BAR 2007193)
**CENTER FOR CLASS ACTION FAIRNESS**
**GREENBERG LEGAL SERVICES**
55 Fontenay Circle
Little Rock, AR  72223
DnGrnbrg@gmail.com
(501) 588-4245
Attorney for Objector Theodore H. Frank

# INTRODUCTION

Objector Theodore H. Frank thanks this Court for its Procedural Order of December 15, 2011, inviting all parties to make motions for attorneys' fees. Dkt. No. 1208. Frank's Objection (Dkt. No. 1138), his subsequent Supplemental Reply Brief (Dkt. No. 1167) and Response to Plaintiff's Supplemental Reply Brief (Dkt. No. 1171), and this Court's resultant Decision and Order on Proposed Settlements and Plan of Allocation (Dkt. No. 1175) ("Decision and Order") have resulted in a settlement that is materially improved in multiple respects. These material improvements entitle Frank to request attorneys' fees.

## I.      Frank Thanks This Court for Its Recognition of His Objection.

As a result of the Rule 23 process – the objection and response briefing, the fairness hearing, and this Court's resultant Decision and Order – the newly proposed settlement is materially improved.

After extensive briefing from Objector Frank and class counsel, submitted both before and after the fairness hearing of February 18, 2011, this Court issued a Decision and Order on Proposed Settlements and Plan of Allocation on April 13, 2011. In that Decision and Order, this Court determined that "cy pres is an inappropriate use of the settlement funds" and therefore "that it is appropriate to award all the money to consumers in those jurisdictions with legitimate state-law recovery opportunities." Decision and Order, 13, 14.

In that Decision and Order, this Court reached a modification of the proposed settlement that would and will materially benefit the class: namely, it created an additional fund for class compensation of at least $500,000. Had this additional fund not been created for the class, it would have gone to cy pres programs that benefited the class only incidentally by funding "programs for the

car-buying public as a whole," or perhaps not benefited the class at all. Decision and Order, 14-15.

Frank briefed these cy pres issues extensively (Objection/Response to Plaintiffs' Motions, January 28, 2011, Dkt. No. 1138; Supplemental Reply Brief, March 2, 2011, Dkt. No. 1167; Response to Plaintiffs' Supplemental Brief, March 9, 2011, Dkt. No. 1171), as this Court mentioned in its Order. Decision and Order, note 34. Frank and his counsel respectfully suggest that the cy pres analysis contained in multiple briefings was viewed favorably and acted on favorably by the Court, and that Frank's objection materially contributed to an additional $500,000 in benefits that will be realized by the class.

## II.  Frank's Attorneys May Appropriately Request an Award of Fees and Expenses.

In general, Frank may appropriately request an award of fees and costs. A "litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This principle applies to objector's counsel and plaintiff's counsel alike. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002). Attorneys whose actions confer benefits upon class members are entitled to file a claim for reasonable compensation for the attorneys' efforts. *See Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 413 (E.D. Wis. 2002). When such a claim is presented, the court should consider whether the efforts of counsel for the objectors "improved the settlement, assisted the court, and/or enhanced the recovery in any discernible fashion." *Id.* (internal quotations omitted).

In this case, Frank and his counsel respectfully hope that this Court would concur that all three of these objectives were accomplished. Indeed, objectors' "lawyers who contribute materially to the proceeding" are entitled to fees, even if the court would have, *sua sponte,* made the same finding without objection. *Reynolds v. Beneficial Nat. Bank,* 288 F. 3d 277, 288 (7th Cir. 2002). Any other result would be unfair because objectors "must decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Id.*

Objectors assist the settlement process by providing independent scrutiny of a proposed settlement. "Objectors serve as a highly useful vehicle for class members, for the court and for the public generally" in evaluating the terms of a proposed settlement to ensure that it is fair, adequate, and reasonable. *Great Neck*, 212 F.R.D. at 412. Objectors improve the process by reintroducing adversarial criticism at the fairness-hearing stage – the point at which the adversarial relationship between the parties has ended. This adversarial dynamic helps the trial court ensure that the proposed settlement meets the standards of Fed. R. Civ. P. 23. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Litig.,* 55 F. 3d 768, 803 (3d. Cir. 1995) ("where there is an absence of objectors, courts lack the independently derived information about the merits to oppose proposed settlements").

### III. Frank's Request for Fees and Expenses Is Far Smaller Than Precedent Permits.

Objectors are entitled to fees in the event that they cause the settlement to be modified so as to increase compensation to the class. *Vizcaino,* 290 F. 3d 1043, at 1051-52. This Court's Decision and Order redirects additional money to the class: namely, $500,000. This modification constitutes an increase in the total value of

the settlement of just over 1%. Because Frank's objection is responsible for just over 1% of class recovery (the compensation to the class jumped from $35.7 million to $36.2 million when the cy pres fund went, instead, to the class), Frank is entitled, as a matter of law, to just over 1% of class counsel's presumed $4.92 million fee award, or $49,889. *E.g., In re Prudential Ins. Co. of Am.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding objector 1.4% of class counsel's fee award for objection that was responsible for 1.4% of class recovery); *Larson v. Sprint Nextel Corp.,* 2010 WL 234934 at *28 (D.N.J. Jan 15, 2010) (awarding objectors' attorneys 4.4% of attorneys' fee award for providing 4.4% of total class benefit). *See also Lan v. Ludrof,* 2008 WL 763763 at *28 (W.D. Pa. Mar 21, 2008) (awarding objector 25% of the increase in the benefit to the class).

However, Frank does not request anything like the $49,889 that he is entitled to as a matter of law. Rather, he requests significantly less than half of that figure, or $19,973.80, even though he is entitled to ask for much more under the traditional percentage-of-the-fund approach. (More precisely, he requests $19,000 for attorneys' fees (representing 53% of the lodestar amount), and full reimbursement for his actual expenditures of $973.80, for a total of $19,973.80. These figures are explained and justified more fully in his attorney's attached declaration.) This figure is less than 4% of the marginal class benefit of $500,000 attributable to Frank's objection.

Frank's request for an award of fees and expenses that totals $19,973.80 should be deducted from the class counsel award so that the class is not billed twice for these benefits—class counsel is already requesting 30% of the $500,000 for their own fees and expenses. *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding

objector's attorneys' fees out of Class Counsel's fee award); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F.Supp.2d 1208, 1215 (D.N.M. 1998) (same); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010) (class counsel concedes that objectors' fees should come from class counsel's fees). *See also Vincent v. Hughes Air West, Inc.,* 557 F.2d 759 (9th Cir. 1977) (district court has power to assess attorneys to compensate other attorneys for benefit provided plaintiffs); *In re Air Crash Disaster, Florida Everglades,* 549 F.2d 1006 (5th Cir. 1977) (same).

## CONCLUSION

Frank and his counsel thank this Court for its consideration of his objection as well as its decision to redirect the funding for the cy pres programs that the Settlement Agreement originally proposed to spending that directly benefits the class. Frank asks this Court to grant its request of attorneys' fees and expenses, deducted from class counsel fees, that totals $19,973.80.

Dated: January 13, 2012

                                           Respectfully submitted,

                                           */s/ Daniel Greenberg*
                                           Daniel Greenberg
                                           (AR BAR 2007193)
                                           **CENTER FOR CLASS ACTION FAIRNESS**
                                           **GREENBERG LEGAL SERVICES**
                                           55 Fontenay Circle
                                           Little Rock, AR  72223
                                           DnGrnbrg@gmail.com
                                           (501) 588-4245
                                           Attorney for Objector Theodore H. Frank

## CERTIFICATE OF SERVICE

On January 13, 2012, I hereby certify as to the following:

I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: January 13, 2012

*/s/ Daniel Greenberg*

Daniel Greenberg