UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES <br>     CANADIAN EXPORT ANTITRUST <br>     LITIGATION | DOCKET NO. 2:03-MD-1532-DBH |

ORDER APPROVING PLAN OF ALLOCATION
OF NET COMBINED SETTLEMENT FUND

Before this Court is Plaintiffs' Motion for Approval of Proposed Plan of Allocation (Docket Item 1130) ("Motion"). On October 4, 2010, I certified nationwide Settlement Classes for the purpose of disseminating notice and approved a nationwide notice plan in connection with the plaintiffs' efforts to achieve final approval of two proposed Settlements with the defendants Toyota Motor Sales, U.S.A., Inc. ("Toyota") and the Canadian Automobile Dealers' Association ("CADA"). See Order Certifying Settlement Classes for the Purpose of Disseminating Notice, Oct. 4, 2010 (Docket Item 1123). The plaintiffs provided reasonable notice to the Settlement Classes in the Fall of 2010, which included a description of the plan of allocation. The original plan of allocation proposed by the plaintiffs permitted Class Members in twenty states[1] to file claims for a share of the combined settlement proceeds from the Toyota and CADA Settlements, minus fees and expenses ("Net Combined Settlement

---

[1] The twenty "Original Eligible States" are: Arizona, Arkansas, California, Idaho, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin.

Fund").  The deadline for Class Members in these twenty states to file claims was February 1, 2011.

I held a fairness hearing on February 18, 2011 ("Fairness Hearing"). After the Fairness Hearing, I determined that the plan of allocation should be expanded to permit Class Members in four additional jurisdictions—the District of Columbia, Hawaii, Iowa, and North Carolina ("Additional Eligible States," and together with the Original Eligible States, the "Final Eligible States")[2]—to file claims for payment.  Supplemental Decision & Order on Proposed Settlements & Plan of Allocation Following Additional Briefing, Aug. 1, 2011 (Docket Item 1188).  I also decided not to approve the cy pres distribution contemplated in the plan of allocation.  Decision & Order on Proposed Settlements & Plan of Allocation at 14-15, Apr. 13, 2011 (Docket Item 1175). After considering a supplemental notice plan jointly proposed by the plaintiffs and the Attorneys General in the Additional Eligible States, I found the supplemental notice plan to be reasonable and directed the plaintiffs and the Court-appointed notice administrator, Gilardi & Co. LLC, to carry out the plan. See Order on Joint Submission & Order on Mot. to Amend Supplemental Notice to Class Members, Sept. 30, 2011 (Docket Item 1200); Order Approving Supplemental Notice Plan, Oct. 18, 2011 (Docket Item 1204).  Supplemental notice was disseminated pursuant to my orders beginning in mid-November 2011.  I set January 13, 2012 as the deadline for Class Members in the Additional Eligible States to file claims.

---

[2] For ease of reference, I use the term "States," even though that terminology is a misnomer for the District of Columbia.

Upon consideration of the foregoing, the arguments made at the Fairness Hearing and the briefing presented to the Court both before and after the Fairness Hearing by the plaintiffs and other interested parties, it is hereby **ORDERED**:

1. This Order incorporates the definitions in the Settlement Agreements, and all terms used herein shall have the same meanings as set forth in the Settlement Agreements.

2. The Court has jurisdiction over the subject matter of the plaintiffs' motion, the Settlement Agreements and all matters relating thereto, including jurisdiction over all Class Members.

3. Reasonable and adequate notice of the plan of allocation was provided to the Settlement Classes, informing them of their right to object. Class Members in the Original Eligible States were provided reasonable and adequate notice of their eligibility to file claims for payment from the settlement proceeds, and were afforded a reasonable and adequate amount of time to file claims.

4. Reasonable and adequate supplemental notice was provided to Class Members in the Additional Eligible States, informing them of their eligibility to file claims for a share of the settlement proceeds. Class Members in the Additional Eligible States were afforded a reasonable and adequate amount of time to file claims.

5. The plan of allocation as set forth in the Summary Notice disseminated to Class Members nationwide and the long-form Settlement

Notice made available to all Class Members,[3] as amended by the Supplemental Notice[4] disseminated to Class Members in the Additional Eligible States, is hereby finally approved.  The terms and conditions of the plan of allocation, as amended by the Supplemental Notice—including, without limitation, the criteria for Class Members in the Final Eligible States to file claims for payment and the formulae for calculating each eligible claimant's share of the Net Combined Settlement Fund—comprise a fair, reasonable, and adequate basis upon which to allocate the Net Combined Settlement Fund.

6. The Court retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreements, and for any other purpose, including but not limited to any allocation and distribution of the settlement proceeds to Class Members.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JANUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] See Declaration of Dennis Gilardi Reporting on Notice & Claims Administration at Exs. A, B, D & F, Jan. 7, 2011 (Docket Item 1133) (attaching notices, including Summary Notice and long-form Settlement Notice).
[4] See Order Approving Supplemental Notice Plan at Ex. A, Oct. 18, 2011 (Docket Item 1204) (attaching Supplemental Notice).