UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ] | |
|     CANADIAN EXPORT ANTITRUST ] | DOCKET NO. 2:03-MD-1532-DBH |
|     LITIGATION ] | |

ORDER AWARDING INCENTIVE PAYMENTS
TO CERTAIN NAMED PLAINTIFFS

Before this Court is Plaintiffs' Motion for Approval of Proposed Plan of Allocation (Docket Item 1130) ("Motion) in connection with the settlements with the defendants Toyota Motor Sales, U.S.A., Inc. ("Toyota") and the Canadian Automobile Dealers' Association ("CADA"). Through this Motion, the plaintiffs have requested, in part, that named plaintiffs be awarded $750 each for their service on behalf of the Settlement Classes. The plaintiffs have provided notice to the Settlement Classes, pursuant to my Order Certifying Settlement Classes for the Purpose of Disseminating Notice, Oct. 4, 2010 (Docket Item 1123), which apprised Class Members that the plaintiffs would seek incentive awards of $750 each for 46 named plaintiffs to be paid from the Settlement Funds.[1] The notice to the Settlement Classes informed Class Members of their right to object and participate in the fairness hearing held February 18, 2011 ("Fairness Hearing").

---

[1] See Revised Long-Form Settlement Notice ¶ 16 (Docket Item 1122-2); Long-form Settlement Notice ¶ 16, attached as Ex. F to the Declaration of Dennis Gilardi Reporting on Notice & Claims Administration, Jan. 7, 2011 (Docket Item 1133-7).

Upon consideration of the foregoing, the arguments made at the Fairness Hearing and the briefing presented to the Court both before and after the Fairness Hearing by the plaintiffs and other interested parties, it is hereby **ORDERED**:

1. This Order incorporates the definitions in the Settlement Agreements, and all terms used herein shall have the same meanings as set forth in the Settlement Agreements.

2. This Court has jurisdiction over the subject matter of the Motion and all matters relating thereto, including jurisdiction over all Class Members.

3. The plaintiffs provided the Settlement Classes with due, reasonable, and adequate notice of the maximum number and dollar amounts of incentive awards Class Counsel would request for named plaintiffs. The notice informed Class Members that the plaintiffs would seek incentive awards in the amount of $750 each to be paid to up to 46 named plaintiffs. The notice also informed Class Members of their right to object to these proposed incentive awards. Class Members were afforded a reasonable amount of time to object to the proposed incentive awards.

4. The Court reaffirms its findings and conclusions, as set forth in its Decision and Order on Proposed Settlements and Plan of Allocation, Apr. 13, 2011 (Docket Item 1175), that the $750 incentive awards are fair and reasonable and should be permitted for 45 of the 46 named plaintiffs for which incentive awards were sought. The Court hereby approves the award of $750

each to the following 45 named plaintiffs ("Named Plaintiffs") in recognition of their service to the Settlement Classes:

Accomando, Cathy-Ann
Arrington, Alison
Auld, Evelyn
Aylward, Dennis
Bagin, William
Barrett-Riley, Katherine
Berke, Jack
Berke, Arlyne
Cole, John
Cook, John
Comorski, Philip
Dale, Cynthia
Elliot, Hilary
Field, Anders
Gaines, Ira
Gray, Susan
Humphrey (Medigovich), Lindsay
Jewell, Ronald
Kindberg, Larry
Kious, David
Kornegay, Henry
Kozad, Clyde
Kushner, Barry
LaCava, Susan
Martinez, Kenneth
McAllister, Ruby
McIness, Peter
Mercer, Jason
Mohr, Donald
Nemesh, Angela
Nemesh, John
Perdue, David
Peterson, Randal
Phillips, David
Rosen, Denise
Ruser, Kevin
Sadoff, Parry

Scherzer, Robert
Schlesinger, Alan
Sengel, Cynthia
Sengel, Jason
Spear, Aubrey Van
Thayer, Edith
Weir, Elizabeth
Weir, James

5. The incentive awards for the Named Plaintiffs will be paid from the Toyota Settlement Fund and CADA Settlement Fund proportionally based on the original amounts deposited into each fund. Payment will be directed to Chair of the MDL Executive Committee, Joseph J. Tabacco, Jr. and Todd A. Seaver of Berman DeValerio, who will thereafter direct distribution of the incentive awards to the Named Plaintiffs consistent with the terms of the Settlement Agreements.

6. The Court retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreements, and for any other purpose, including but not limited to payment of the incentive awards to the Named Plaintiffs.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JANUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**