UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ] | |
|    CANADIAN EXPORT ANTITRUST ] | DOCKET NO. 2:03-MD-1532-DBH |
| LITIGATION ] | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Before this Court is Plaintiffs' Motion for Final Approval of the Proposed Settlements with Defendants Toyota Motor Sales, U.S.A., Inc. ("Toyota") and Canadian Automobile Dealers' Association ("CADA") (Docket Item 1129). After notice to the Settlement Classes, I held a fairness hearing on the plaintiffs' motion on February 18, 2011 ("Fairness Hearing"). Following additional briefing after the hearing, I ordered the plaintiffs to provide supplemental notice to Class Members in four additional jurisdictions beyond the twenty states included in the original proposed plan of allocation. See Order Approving Supplemental Notice Plan, Oct. 18, 2011 (Docket Item 1204). The supplemental claims period ended January 13, 2012. Upon consideration of the arguments presented at the Fairness Hearing and briefing presented by the plaintiffs and other interested parties both before and after the Fairness Hearing, it is hereby **ORDERED** that:

    1.     This Final Judgment and Order of Dismissal ("Judgment") incorporates the definitions in the Toyota Settlement Agreement and CADA

Settlement Agreement,[1] and all terms used herein shall have the same meanings as set forth in the Settlement Agreements.

2. The Court has jurisdiction over the subject matter of this MDL Action and over the settling parties and all members of the Toyota Settlement Class and CADA Settlement Class, defined below.

3. The Court reaffirms its findings and conclusions, as set forth in its Memorandum Order and Decision on Plaintiffs' Application for Certification of Settlement Classes (Aug. 17, 2010, Docket Item 1115) and Order Certifying Settlement Classes for the Purpose of Disseminating Notice (Oct. 4, 2010, Docket Item 1123), that the Settlement Classes satisfy all requirements of Rule 23(a) and 23(b)(3)[2] for certification of classes for settlement purposes.

4. The Toyota Settlement Class is hereby finally certified pursuant to Rule 23(b)(3), and is defined as:

> All persons (excluding government entities, the Courts in the Litigated Actions, Defendants, their parents, subsidiaries, and affiliates, and their alleged co-conspirators) who purchased or leased a new motor vehicle manufactured by any Defendant from a United States Dealer in the United States during the period from January 1, 2001 to December 31, 2006.

5. The CADA Settlement Class is hereby finally certified pursuant to Rule 23(b)(3), and is defined as:

> All persons (excluding government entities, the Courts in the Litigated Actions, Defendants, their parents, subsidiaries, and

---

[1] The Toyota Settlement Agreement is attached as Exhibit 1 to the Declaration of Joseph J. Tabacco, Jr., dated January 7, 2011 (Docket Item 1132-1). An amendment to the Toyota Settlement Agreement is attached as Exhibit 2 to the Tabacco Declaration (Docket Item 1132-2). The CADA Settlement Agreement, with accompanying amendments, are attached as Exhibits 3 to 5 to the Tabacco Declaration (Docket Items 1132-3 to 1132-5).
[2] All references to "Rule" are the Federal Rules of Civil Procedure, unless otherwise noted.

affiliates, and their alleged co-conspirators) who purchased or leased a new motor vehicle manufactured by any Defendant from a United States Dealer in the United States during the period from January 1, 2001 to December 31, 2006.

The Toyota Settlement Class and the CADA Settlement Class will be referred to herein as the "Settlement Classes."

6. Notice given to the members of the Settlement Classes (a) was reasonably calculated under the circumstances to apprise Class Members of all material elements of the proposed Settlements and the plan of allocation and their opportunity to exclude themselves from, object to, or comment on the Settlements and appear at the Fairness Hearing; (b) was the best notice practicable under the circumstances; (c) provided due, adequate, and sufficient notice to all Class Members; and (d) complied fully with Rule 23 and due process.  A full opportunity was afforded to Class Members to participate in the Fairness Hearing, and all Class Members and other persons wishing to be heard have been heard.  Accordingly, the Court determines that all Class Members are bound by this Judgment.

7. Those persons or entities eligible for membership in the Settlement Classes who timely submitted valid requests for exclusion are not bound by this Judgment, and are not entitled to any recovery from the settlement proceeds obtained through the Settlements.  Those persons or entities are listed in Exhibit A to this Order.

8. This Court reaffirms its findings and conclusions, as set forth in its Decision and Order on Proposed Settlements and Plan of Allocation (Apr. 13, 2011, Docket Item 1175), that upon due consideration all of the following

factors favor final approval of the Settlements: (1) a comparison of the proposed Settlements with the likely outcome of litigation; (2) the stage at which the matter settled and the amount of discovery completed; (3) the reaction of the Settlement Classes to the Settlements, including the number of objectors and the nature of the objections; (4) the quality of the plaintiffs' lawyers' representation; (5) the conduct of the negotiations; and (6) the prospects of the case, including the risk, complexity, expense, and duration.

9.  Pursuant to Rule 23(e), the Court hereby grants final approval to the Settlements and finds that they are fair, reasonable, and adequate, and in the best interests of the Settlement Classes.  The settling parties are ordered to consummate the respective Settlement Agreements in accordance with their terms.

10. Neither this Judgment nor the Settlement Agreements shall constitute an admission by the defendants Toyota or CADA of any liability or wrongdoing.

11. This MDL Action is hereby dismissed as to Toyota and CADA with prejudice and without costs (except as otherwise provided in the Settlement Agreements).

12. Upon the Settlements becoming "Final," as defined in Paragraph 9 of the Settlement Agreements, the plaintiffs and Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims against the Releasees, and all Class Members are thereafter forever barred and enjoined from prosecuting any of the Released Claims against any of the Releasees.

13. Any order entered regarding the plan of allocation or any order entered regarding any application for attorney fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.[3]

14. Neither the Settlements nor any act performed or document executed pursuant to or in furtherance of the Settlements: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Toyota or CADA or the other Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Toyota or CADA or the other Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Toyota and CADA have denied and continue to deny each and all the claims alleged in the Litigated Actions. Releasees may file the respective Settlements or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. In the event that the Settlements, or either Settlement, do not become final under Paragraph 9 of the Settlement Agreements, then this Judgment shall be rendered null and void to the extent provided by and in

---

[3] While approval of the Settlements and the plan of allocation are properly considered together, I have entered a separate order on the plan of allocation for purposes of judicial efficiency.

accordance with the applicable Settlement Agreement(s) and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the applicable Settlement Agreement(s). If only one of the Settlements does not become Final, this Judgment and all orders and releases delivered in connection herewith shall remain valid and in force as to the Settlement that becomes Final.

16. Without affecting the finality of this Judgment in any way, this Court reserves exclusive and continuing jurisdiction over the MDL Action, the Class Members, and Toyota and CADA for the purposes of, among other things, (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreements and this Judgment; (b) hearing and determining any application by Class Counsel for an award of attorney fees, costs, and expenses; (c) hearing and determining whether the proposed plan of allocation is fair, reasonable, and adequate to the Class Members pursuant to Rule 23; (d) supervising the administration and distribution of the Settlement Funds; and (e) enforcing this Judgment.

17. The Court retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreements, and for any other purpose, including but not limited to any allocation and distribution of the settlement proceeds to Class Members.

This Court determines there is no just reason for delay and directs immediate entry of this final Judgment.

**SO ORDERED.**

**DATED THIS 3RD DAY OF FEBRUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

*Exhibit A*

**Persons or Entities That Timely
Requested Exclusion from the Settlements**

Norma Caplan of Boynton Beach, Florida
David McClair of Santa Monica, California
Olivia Stoneking of Eden Prairie, Minnesota
City of Moline, Illinois