## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES ] | |
|     CANADIAN EXPORT ANTITRUST ] | CIVIL NO. 2:03-MD-1532-DBH |
|     LITIGATION ] | |

## ORDER ON CY PRES AWARD

After distribution of the Toyota and CADA settlement funds to the class, the plaintiffs filed their report on the residual monies remaining after the distribution.  Plaintiffs' Report on the Residual Remaining after Distribution of the Toyota and CADA Settlement Funds ("Plaintiffs' Report on the Residual") (ECF No. 1230).  The plaintiffs report that $21,164.89 remains in the net combined settlement fund, Declaration of Markham Sherwood Re: Net Combined Settlement Fund Residual ¶ 3 ("Sherwood Decl.") (ECF No. 1231), and move for cy pres distribution of the remaining funds, Plaintiffs' Report on the Residual at 5.  No one has responded to the motion.  After a telephone conference on September 23, 2013, I **APPROVE** the cy pres distribution of the residual remaining in the net combined settlement fund to Consumers Union.[1]

The First Circuit has approved use of cy pres distribution of residual funds when a further distribution to class members would not be economically viable because the additional payment amounts would be too small.  See In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 34 (1st Cir. 2009) (recognizing that "courts have allowed parties to establish cy pres funds when

---

[1] Counsel reported at the telephone conference that 7,357 individual claims were paid for a total of $517,515, and that 32 fleet claims were paid for a total of $23,872,954.12.

money remained from the defendant's payout after money for damages had been distributed to class members"); PRINCIPLES OF THE LAW OF AGGREGATE LITIG. § 3.07 (2010) (advising that courts may permit cy pres distributions of residuals when the amounts involved in a further distribution "are too small to make individual distributions economically viable").

Here, after deducting the $8,000 cost for mailing the additional checks, a per capita distribution of the residual would result in checks of approximately $1.87 per claimant. Sherwood Decl. ¶ 4. A weighted pro rata distribution of the residual would result in most class members receiving less than $0.20, and hundreds receiving nothing because their distribution amounts would be less than $0.01. Id. Under either scenario, the recovery per claimant is too small to distribute further. Therefore, a cy pres distribution is appropriate.

When selecting and approving an appropriate cy pres beneficiary, the First Circuit has adopted a "reasonable approximation" test. See In re Lupron Marketing & Sales Practices Litig., 677 F.3d 21, 33 (1st Cir. 2012). Under this test, the interests of the cy pres beneficiary should "reasonably approximate the interests of the class members." Id. The First Circuit identified a number of non-exclusive factors to consider, including: "the purposes of the underlying statutes claimed to have been violated, the nature of the injury to the class members, the characteristics and interests of the class members, the geographical scope of the class, the reasons why the settlement funds have gone unclaimed, and the closeness of the fit between the class and the cy pres recipient." Id.

In this lawsuit, the plaintiffs asserted that motor vehicle manufacturers, distributors and dealer associations conspired, in violation of antitrust and consumer protection laws, to restrict the movement of lower priced Canadian vehicles into the U.S. market so as to prevent downward pressure on U.S. new vehicle prices.

Consumers Union, a 501(c)(3) nonprofit organization, is the publisher of *Consumer Reports*, a widely circulated consumer interest magazine well-known for providing information to automobile buyers.  See Decl. of Matthew D. Pearson Re: Proposed Cy Pres Beneficiaries, Ex. A (attaching materials concerning Consumers Union) (ECF No 1232-1).  Consumers Union conducts policy research and advocacy on a host of consumer issues, including research and advocacy for the benefit of automobile purchasers.  Id.  Cognizant of the Lupron standards, I will distribute the residual monies to Consumers Union of the United States, Inc. ("Consumers Union") with the restriction the plaintiffs proposed, "earmarking the cy pres award to fund research and advocacy efforts aimed at helping automobile buyers."[2]  Plaintiffs' Report on the Residual at 4.

**SO ORDERED.**

**DATED THIS 24TH DAY OF SEPTEMBER, 2013**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] The plaintiffs have also proposed that Equal Justice Works be the recipient of half of the cy pres award.  After reviewing the materials on Equal Justice Works submitted by the plaintiffs, I find that although it is a worthy organization, there is not a sufficiently strong link between the interests of the class and the mission of Equal Justice Works.  Therefore, I decline to award cy pres monies to Equal Justice Works in this case.